## CITY OF TULSA v. FRYE.

No. 22567. Oct. 17, 1933.

R. P. Colley, E. M. Gallaher, and Bert E. Johnson, for plaintiff in error.

L. O. Todd and Charles Skalnik, for defendant in error.

BAYLESS, J. This appeal results from a judgment rendered by the district court of Tulsa county, Okla., in favor of Velma Frye, the plaintiff, and against city of Tulsa, a municipal corporation, the defendant. The parties will be referred to herein as plaintiff and defendant, respectively, as they appeared in the court below.

The view we take of this case necessitates the discussion of only one point. The plaintiff sued to recover damages for injuries sustained when she caught her shoe heel in a defect in a sidewalk. The defect was described in her petition as a "crevice, hole or opening" about two inches wide between the end of a cement block of the sidewalk and the curb where the sidewalk abuts the curb, and further, that the level of the said block of cement was about one inch higher than that of the curb.

The plaintiff contended for, and the trial court adopted and tried the case upon, the rule of law as stated in Leyston v. City of Ada, 110 Minn. 340, 125 N. W. 507, as follows:

"It is impossible for this court to prescribe exact limitations from which, in all cases, it may be determined what character of defect in a public street constitutes negligence on the part of the municipality. Given a defect and consequent injury, the question of negligence must generally be submitted to the good sense of the jury, with proper instructions."

On the other hand, the defendant contended for the application of the rule of law as best stated in Beltz v. City of Yonkers (N. Y.) 42 N. E. 401:

"There are very few, if any, streets or highways that are or can be kept so absolutely safe and perfect as to preclude the possibility of accidents, and whether, in any case, the municipality has done its duty must be determined by the situation, and what men knew about it before, and not after, an accident. When the defect is of such character that reasonable and prudent men may reasonably differ as to whether an accident could or should have been reasonably anticipated from its existence or not, then the

case is generally one for the jury; but when, as in this case, the defect is so slight that no careful or prudent man would reasonably anticipate any danger from its existence, but still an accident happens which could have been guarded against by the exercise of extraordinary care and foresight, the question of the defendant's responsibility is one of law. Assuming that the defendant's officers were men of reasonable prudence and judgment, could they, in the reasonable exercise of these qualities, have anticipated this accident, or a similar one, from the existence of this depression in the walk? They could undoubtedly have repaired it at very little expense, but the omission to do so does not show or tend to show that they were negligent, unless the defect was of such a character that a reasonably prudent man should anticipate some danger to travelers on the walk if not repaired."

Both of the parties agree that the duty of the city with reference to the construction, upkeep, and repair of its streets is that stated by us in many cases, among which is Sapulpa v. Williams, 121 Okla. 176, 249 P. 152, as follows:

"A municipal corporation is bound by law to use ordinary care and diligence to keep its streets in a reasonably safe condition for public use in the ordinary mode of traveling."

We do not find that this duty, as defined by us, is of any greater or less magnitude than the duty devolving upon municipal corporations elsewhere, generally.

The evidence of the plaintiff described the "crevice, hole or opening" as being about one inch wide. No evidence was given with reference to the difference in levels between the sidewalk and the curb. The plaintiff testified that she had traveled this particular walk and had passed this particular place "dozens of times" before the accident complained of and she had never observed the particular defect before.

The parties to this action do not cite a single Oklahoma case upon the point in dispute between them. However, we find that since the briefs of the parties were filed we have had occasion to determine which of these two conflicting rules we would follow in the case of City of Bristow v. Pinkley, 158 Okla. 104, 12 P. (2d) 229. In that case we applied the rule as contended for by the defendant when we said:

"The cut-out, occasioned by the water pipe, had been repaired, according to the evidence that seems to be uncontradicted, something like ten days before, and it was a place where in any kind of a depression

water would gather, and the depression there was at most only 1 or 1½ inches deep, according to the witness Hill, relied on by plaintiff, and it would amount to comparatively nothing as a 'danger hole,' according to the other witnesses.

"If one will observe Oklahoma City's streets of any considerable age, he will find on almost every hand depressions of an inch to an inch and a half deep that will show up with standing water after most any rain. Even the sidewalks are full of them, and it is practically impossible to keep the sidewalks, streets, and gutters at a grade that is uniform."

This seems to be in accord with the better-reasoned and majority rule. It is stated in McQuillin on Municipal Corporations (2nd Ed.) vol. 7, sec. 2974:

"To keep all the sidewalks in perfect condition at all times is practically a municipal impossibility. For instance, slight inequalities are nearly always found, at one place or another, especially where there is much travel. Minor defects or obstructions are generally not actionable. Generally, in accordance with the principle sustained by a majority of the judicial decisions, early and late, these minor defects or obstructions include slight depressions in sidewalks, slight differences in the level of a sidewalk, * * * inequalities at junction of concrete blocks of which the walk was composed, and small holes."

Among the cases cited by the defendant as applying this rule are those of Emery v. City of Pittsburgh (Pa.) 119 Atl. 603; Kleiner v. Madison (Wis.) 80 N. W. 453; Van Der Blomen v. Milwaukee (Wis.) 164 N. W. 844; Huntington v. Bartrom (Ind.) 95 N. E. 544; Johnson v. Ames (Iowa) 162 N. W. 858; Baker v. City of Detroit (Mich.) 132 N. W. 462; and Bennett v. City of St. Joseph (Mich.) 109 N. W. 604. These and other cases are cited in footnotes to the text quoted from McQuillin, supra.

We are therefore of the opinion, and hold, that, when the defect complained of is described with sufficient certainty in the petition and is established with sufficient certainty in the evidence, and shows the defect to be one of such a minor character that ordinary men could not differ as to whether or not it was dangerous, or was likely to cause injury to a pedestrian, it becomes a matter for the court to determine, either upon demurrer to the petition or upon appropriate motion during the trial, and is not to be submitted to the jury for determination. What we said in City of Tulsa v. Harman, 148 Okla. 117, 299 P. 462, is applicable here:

"In District of Columbia v. Moulton, 182 U. S. 576, 45 L. Ed. 1237, the court said:

" 'The question of negligence or no negligence is one of law for the court, where but one inference can reasonably be drawn from the evidence.'

"In the case of Philadelphia, W. & B. R. Co. v. Fronk, 10 Atl. 205, the Supreme Court of Maryland, in passing upon the duty of the trial court to determine the issue of negligence or no negligence, quoted with approval from a decision delivered by Lord Chancellor Cairns, in Metropolitan Ry. Co. v. Jackson, 3 App. Cas. 197, as follows:

" 'The judge has a certain duty to discharge, and the jurors have another and a different duty. The judge has to say whether any facts have been established by evidence from which negligence may be reasonably inferred; the jurors have to say whether from these facts, when submitted to them, negligence ought to be inferred; and it is of the greatest importance in the administration of justice that these separate functions should be maintained, and maintained distinct. It would be a serious inroad on the province of the jury if, in a case where there are facts from which negligence may be reasonably inferred, the judge were to withdraw the case from the jury upon the ground that, in his opinion, negligence ought not to be inferred; and it would, on the other hand, place in the hands of the jurors a power which might be exercised in the most arbitrary manner, if they were at liberty to hold that negligence might be inferred from any state of facts whatever'."

We further hold that where the evidence shows, as it does in this case, that the person injured was in the same or a better position to see and observe the defect complained of than was the city, and does not see and observe the particular defect complained of, the city is not charged with any greater degree of notice or knowledge than the person complaining.

We therefore hold that the trial court should have determined the defendant's demurrer to the evidence in its favor, or should have sustained the first requested instruction of the defendant, to wit:

"You are instructed to return a verdict against the plaintiff and in favor of the defendant city of Tulsa."

The cause is therefore reversed, with directions to dismiss said cause.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, and WELCH, JJ., concur. ANDREWS and BUSBY, JJ., absent.