## OKLAHOMA CITY v. BURNS.

No. 25762.    Nov. 5, 1935.

Harlan Deupree, Robert L. Berry, and Ralph J. May, for plaintiff in error.

R. R. McCornack and J. T. Weaver, for defendant in error.

BAYLESS, J.    The city of Oklahoma City, a municipal corporation, was defendant in the trial of the cause in the court of common pleas, Oklahoma county, Okla., in an action instituted by the plaintiff, Mrs. E. I. Burns, and the defendant appeals to this court from the judgment of said court, upon the verdict of the jury, in favor of the plaintiff.

The basis of the plaintiff's cause of action was the alleged existence of a material defect in the sidewalk at the intersection of Thirty-Fourth street and Shields avenue within said city; that such defect was of a character to be dangerous and to constitute negligence on the part of the defendant city in allowing the same so to remain, and that such defect caused the plaintiff to suffer an injury to her damage. The defense included the allegation that such dangerous and negligent defect did not exist, and that the city had no knowledge thereof.

It is elemental that the duty of municipalities is to use ordinary care and diligence to keep their sidewalks in reasonably safe condition for public use in the ordinary mode of travel. City of Tulsa v. Frye, 165 Okla. 302, 25 P. (2d) 1080.

It is also elemental that to charge a city with liability for the existence of a dangerous defect in a sidewalk the dangerous defect must be known to the city, or must have existed such a length of time as to charge the city with constructive notice thereof. Armstrong v. City of Tulsa, 102 Okla. 49, 226 P. 560.

The petition of the plaintiff alleged actual notice on the part of the defendant city, but there is no evidence to this effect. The court permitted her to introduce evidence tending to establish constructive notice. We are of the opinion, however, that the plaintiff's own testimony limits the issue of law and fact on this point to a very narrow scope, and because of the narrowness thereof no negligence has been shown on the part of the city.

We quote the plaintiff's answer to a question propounded by her counsel:

"A. Well, this hole being in the sidewalk, there was mud inside of this, and some water, and there was water on each side of the low places of the sidewalk, and

there a little strip here to walk on, a strip there of the brick, and I was walking, and I proceeded to walk on the left side going down this brick way when in stepping along about the worst place, or near so, the brick that I stepped on had been perfectly steady previous to this day, and when I stepped on it, it turned, and when it did that it threw me forward. * * *"

She testified in answer to another question: "It (the brick) had never turned before." She also testified that she traveled this route frequently going to her place of work.

It is perfectly apparent from her testimony that the generally defective condition in this brick sidewalk was actually known to her. whether the city had constructive notice thereof or not. It is clear from her testimony that she knew "previous to this day" that this particular brick was steady. Therefore, it can be said that the unsteady condition of the brick arose within said "day"; and, since it was raining, it is only reasonable to assume that its unsteadiness was caused by the rain.

It is not shown that the city had actual knowledge of this recent change in the condition of this brick. We are unwilling to say that the city can be charged with constructive knowledge of an unsafe condition in the sidewalk which has existed only for a day or so.

The plaintiff by her testimony reduced the issue to the very narrow scope of the safety of this one brick upon which she chose to step, with full knowledge of the surrounding conditions and with full confidence in the steadiness of the brick based upon its steadiness on all occasions previous to this day. Upon this record the city cannot be charged with negligence with reference thereto. The trial court erred in overruling the defendant city's demurrer to the plaintiff's evidence.

McNEILL, C. J., OSBORN, V. C. J., and WELCH and CORN, JJ., concur.