## SHORT v. OKLAHOMA CITY.

No. 26527.    June 2, 1936.

Gomer Smith and J. M. Siler, for plaintiff in error.

Harlan Deupree, Ralph J. May, and Robert L. Berry, for defendant in error.

BUSBY, J.    In this action, which was commenced in the district court of Oklahoma county on the 3rd day of February, 1931, Mrs. O. Short, as plaintiff, seeks to recover from the city of Oklahoma City damages as-

serted to have been sustained by her on account of an existing defect in a sidewalk on Harrison avenue in that municipality.

The sidewalk is of cement. From pictures and evidence contained in the record, it appears that the defect consisted of a crack running across the sidewalk. The opening between the cement blocks created by the crack is about two inches wide. There is also a slight difference in the elevation of the two adjacent cement blocks. The plaintiff was familiar with the defect, but was not thinking about it while traveling as a pedestrian along the sidewalk on October 12, 1930, about 8:30 p. m. According to her testimony, the defect caused her to stumble and fall, resulting in the injuries of which she complains.

Upon consideration of the plaintiff's evidence the trial judge sustained a demurrer thereto. The basis of the judicial action taken was the doctrine approved and announced by this court in the case of City of Tulsa v. Frye, 165 Okla. 302, 25 P. (2d) 1080, wherein we said in the second and third paragraphs of the syllabus that:

"Where a municipal corporation has the duty of keeping its sidewalks in repair and an accident happens by reason of some slight defect from which damage was not reasonably to be anticipated, the said city is not chargeable with negligence.

"When a defect in a sidewalk is so slight that no careful or prudent person would reasonably anticipate any danger from its existence, but still an accident happens which could have been guarded against by the exercise of extraordinary care and foresight, the question of defendant's responsibility is one of law."

To the same effect, see City of Ada v. Burrow, 171 Okla. 142, 42 P. (2d) 111; Smith v. City of Tulsa, 172 Okla. 515, 45 P. (2d) 689; Oklahoma City v. Burns, 174 Okla. 512, 50 P. (2d) 1101.

The plaintiff in presenting her appeal to this court complains of the application of the above doctrine to her claim for damages. A description of the defect has previously been set forth in this opinion. We perceive no real necessity for reviewing in detail the evidence concerning the same, there being no material conflict. Nor do we deem it appropriate to incorporate the pictures of the defect in this opinion, or substitute in lieu thereof a detailed verbal description.

We have concluded, after consideration of the evidence as presented by the record, that the trial court did not err in applying to the case at bar the rule announced in City of Tulsa v. Frye, supra.

The reasons for the rule and the judicial precedent upon which it is based have been sufficiently discussed in our prior opinions to dispense with a reiteration of the same herein.

The judgment of the trial court is affirmed.

OSBORN, V. C. J., and RILEY, WELCH, CORN, and GIBSON, JJ., concur.