BALLARD v. MANHATTAN CONSTRUCTION Co. et al.

*98 P. 2d 1112.*

No. 29340. Feb. 6, 1940.

Sam S. Gill, of Oklahoma City, for plaintiff in error.

Rainey, Flynn, Green & Anderson, of Oklahoma City, for defendants in error Manhattan Construction Company and Katz Cut Rate Drug Company.

A. L. Jeffrey and Leon Shipp, both of Oklahoma City, for defendant in error Oklahoma City.

HURST, J. This action was brought by the plaintiff, Mrs. A. M. Ballard, for damages for personal injuries. A verdict for defendants was directed by the trial court, and plaintiff appeals.

Plaintiff's sole contention, that the trial court erred in directing the verdict, requires a brief summary of the evidence. The accident occurred at about 6 p. m., August 12, 1936. Defendant Manhattan Construction Company was engaged in the construction of a building in Oklahoma City for defendant Katz Cut Rate Drug Company, and had constructed, under a permit issued by the defendant city, a temporary wooden sidewalk along the north side of the building site. This walk was about 42 inches wide and six inches high, and was placed in the street just off the curb. At the east end was an incline some four feet long. This incline was floored with planks twelve inches in width, laid lengthwise, and ran from the end of the temporary walk, six inches above the pavement, to the street. Plaintiff, going east over the temporary sidewalk, slipped and fell on this incline. She testified that she was walking carefully, that she stepped on the incline and slipped and fell, that it was slick, and that there were no hand rails at the sides of the incline to catch hold of. On cross-examination, defendants put in evidence the petition filed in a previous suit over the same accident, in which plaintiff stated that she slipped on a tinfoil candy wrapper, and she admitted that she so testified in that case. She also made the same statement to her physician when she gave him a history of the injury. Another witness for plaintiff, a carpenter, testified that the incline should have been provided with handrails or cleats across it to prevent people from slipping.

For the defendants, the city building inspector testified that the temporary sidewalk was constructed in compliance with the city ordinances governing the erection thereof, and that he inspected and approved it when it was finished. He further testified that the incline was safer than a step, was properly constructed, and was not in the least respect dangerous; that handrails were not necessary, and he did not require them to be erected on the sides because it would be necessary to brace them, and the braces would extend into the street, and tend to further obstruct traffic. The defendants also introduced in evidence a copy of the city ordinance governing the erection of temporary sidewalks around buildings in the course of construction. Such ordinance provided for railings only where there were excava-

tions on either side of the temporary sidewalk. It is not contended that there was an excavation on either side of the incline on which plaintiff fell.

Plaintiff's petition alleged defective construction of the incline in that it was so steep as to constitute a public hazard, and was not provided with handrails. She introduced no evidence tending to prove that the incline was so steep as to be hazardous, and admitted that in the first action, and in her statement to her physician, she had attributed the accident to a tinfoil candy wrapper on which she slipped when she started down the incline. There is no evidence that this tinfoil was on the incline, or that there was any trash or rubbish thereon. Apparently the weather was clear, and the incline dry. Defendants Manhattan Construction Company and Katz Cut Rate Drug Company contend that when they constructed the sidewalk in compliance with the requirements of the ordinance, and it was inspected and approved by the building inspector, they were not liable for damages due to the plan or nature of the structure. All defendants assert that if the incline was a defect in the temporary sidewalk, the defect was so slight and of such a minor character that no careful or prudent person would reasonably anticipate any danger from its existence. In support of this contention they direct our attention to City of Ada v. Burrow (1935) 171 Okla. 142, 42 P. 2d 111; City of Tulsa v. Frye (1933) 165 Okla. 302, 25 P. 2d 1080; and Short v. Oklahoma City (1936) 177 Okla. 202, 58 P. 2d 334, and other cases decided by this court in which the rule relied upon by them has been followed. In the Burrow Case a slope or drop of five inches from the sidewalk, covering a space of 21 inches, and extending the entire width of the sidewalk, was held not such negligent construction as to render the city liable to one sustaining injury thereby. In the Frye Case and the Short Case, the same rule was applied to cracks in the sidewalks, about two inches wide, which the plaintiffs in the respective cases asserted were negligently permitted to remain in the sidewalk to their injury.

We think the same rule is applicable here. The slope of the incline was so slight that in our judgment no reasonably prudent person would have anticipated danger to the public by reason thereof. There was no evidence of any defect in the materials used in the incline, or that its condition was impaired by use or neglect. The only negligence urged was in the construction thereof. We agree with the trial court that from the evidence the minds of reasonable men could draw but the one conclusion that no negligence had been proved.

Plaintiff asserts that Phillips Petroleum Co. v. Childress (C.C.A. 1935) 78 Fed. 2d 861, supports her contention of negligence in the construction of the incline. But in that case the boardwalk was laid by the oil company for its own convenience, and was by it allowed to become slick from the accumulation of oil and mud thereon. No similar condition existed here. Nor is the rule of res ipsa loquitur, also contended for by plaintiff, applicable. There is in the present case no factual basis for the application of such rule.

Where, as here, the evidence, with all the inferences which the jury could reasonably draw therefrom, is insufficient to support a verdict for the plaintiff, the trial court should direct a verdict for the defendant. Hale-Halsell Co. et al. v. Webb et al. (1939) 184 Okla. 589, 89 P. 2d 273; Pure Oil Co. v. Gear et al. (1938) 183 Okla. 489, 83 P. 2d 389.

Defendants also rely upon the rule announced in Lewis v. City of Tulsa (1936) 179 Okla. 176, 64 P. 2d 675, that a municipality is not liable for errors of judgment in the adoption of a plan for the construction of a sidewalk if the plan adopted is one which the judgment of prudent men might approve, and the completed sidewalk is reasonably safe for public travel. In view of the conclusion already reached, we deem it unnecessary to pass upon this defense.

Judgment affirmed.

BAYLESS, C. J., and RILEY, CORN, and GIBSON, JJ., concur.