## HAYES v. OKLAHOMA CITY.

No. 29295. April 30, 1940.

Rehearing Denied June 11, 1940.

Application for Leave to File Second Petition for Rehearing Denied July 2, 1940.

*103 P. 2d 563.*

Hodge & Hodge, of Oklahoma City, for plaintiff in error.

A. L. Jeffrey, Municipal Counselor, J. L. Gowdy, Asst. Municipal Counselor, and J. O. Moss, all of Oklahoma City, for defendant in error.

BAYLESS, C. J. Mrs. Nora M. Hayes brought an action in the court of common pleas of Oklahoma county against the city of Oklahoma City, a municipal corporation, and when the trial judge sustained a motion for a directed verdict, she brought this appeal.

She sought to recover damages for injuries inflicted upon her due to the negligence of the city. She had a permit from the city to fish in one of its lakes. There was a wooden dock from the east shore of the lake extending in a westerly direction into the lake, from which persons fished. May 2, 1938, she was fishing from this dock, and while walking along the same toward the shore in an effort to land a fish, she stepped on a board that was loose. As a result she lost her balance and fell through a known hole in the walk into the lake, to her injury. We are convinced from reading her pleading, her testimony, and her briefs that the negligence of the city of which she complains as the direct and proximate cause of her injury was the loose board. As we view the case, her contention is that she fell into the lake as a result of losing her balance by stepping on the loose board, and the fact that she fell through the known hole instead of over the side of the structure is immaterial to the issue of negligence. The defective condition was the loose board.

One of the contentions of the city is that the plaintiff's evidence wholly fails to establish primary negligence on the part of the city in that she failed to show that the city actually knew of the existence of the loose board or that it had been loose such a period of time that notice or knowledge would be inferred. We agree.

The parties are in accord with respect to the duty of the city to the plaintiff. The city owed plaintiff, an invitee, the duty to use ordinary care to protect her against dangers the city knew existed, or should have known existed. McKee v. Bowlin, 184 Okla. 486, 87 P. 2d 1079, and other cases.

We do not understand the plaintiff asserts that there is positive evidence the city, through its agents, knew of this condition, but rather that the evidence permits the inference of knowledge, actual or constructive, from the nature of the defect complained of. Plaintiff has cited many decisions of this court concerning the rules governing a motion for a directed verdict, and its effect upon the evidence, and we recognize the rule of law announced therein as one of the elementary rules of our procedure. Smith v. Rockett, 70 Okla. 244, 192 P. 691, and many other cases.

But we are doubtful whether the evidence on some of the circumstances of the incident can support reasonable inferences of the violation of a particular element of the city's duty, especially where there is a complete absence of direct evidence on that point. Stated another way, we say: The fact that the board upon which she stepped was loose will not support the inference that the city knew it was loose or the inference that it had been loose such a length of time the city should be charged with such knowledge.

Plaintiff cites many authorities to the effect that where the evidence, and the reasonable inferences to be drawn therefrom, are such that the minds of men would not differ in the conclusion to be drawn therefrom, the court may direct a verdict, but she insists that where the minds of men may differ as to what the facts prove, the court must submit the issue to the jury.

We have no fault to find with this rule of law, but we do not think it aids the plaintiff. The plaintiff overlooks the absence of proof of knowledge or the absence of facts that would imply knowledge. Plaintiff's argument apparently assumes there was some evidence on this point that would require submitting the issue to the jury. This assumption is without basis in the record.

492

We think it would have been a violation of the rights of the city to have submitted to the jury the issue of fact whether the city had knowledge, actual or implied, of the loose board. If the issue had been submitted and if the jury had determined that the city did have such knowledge, it would have done so on the sheerest conjecture.

It is pertinent to suggest that many things acting alone or in conjunction would have caused this board to become loose, among those things being some for which the city should be responsible and some for which it should not. As to those things causing the board to become loose for which the city should not be held responsible as the causative agency, nevertheless responsibility would arise if it knew thereof, or should have known, and did nothing toward discharging its duty thereabout to invitees. All the plaintiff has shown is that the board was loose. There is not the slightest suggestion in the evidence as to how it was loosened. There is no evidence that the city knew the board was loose. There is no evidence as to how long the condition has existed nor a thing from which an inference could be drawn from which the city's responsibility could be established.

The trial court correctly directed a verdict in favor of the city.

Plaintiff complains of the admission of evidence for the city that she had contracted to release the city from liability as a part of the contract for the fishing permit. It is unnecessary to comment on this, for it could play no part in the decision of the trial judge on the issue of primary negligence.

The judgment is affirmed.

WELCH, V. C. J., and OSBORN, GIBSON, and DAVISON, JJ., concur.