## CITY OF STROUD v. EVANS.

No. 29455. May 28, 1940.

*104 P. 2d 241.*

W. F. Pardoe and W. G. Pardoe, Jr., both of Stroud, for plaintiff in error.

Courtland M. Feuquay, of Chandler, for defendant in error.

CORN, J. This appeal is brought by the city of Stroud, a municipal corporation, to reverse a judgment against it in favor of W. T. Evans for personal injuries sustained by reason of an alleged defect in a sidewalk in said city.

Upon consideration of the several assignments of error and of the record as a whole, it appears that the controlling question is whether the evidence is sufficient to show any liability on the part of the city for the alleged injuries.

The plaintiff alleges in his petition in substance that he was injured while walking upon a "sidewalk, passageway or walk" where it crosses a drainage ditch at the corner of Third avenue and Ninth street; that the city or someone authorized by it or with its knowledge constructed a passageway of uneven stones over the ditch for the use of pedestrians passing along that way; that the crossing was defective and unsafe and was negligently maintained by the city in an unsafe and dangerous condition as a thoroughfare for a long period of time, and that while the plaintiff was crossing the ditch he stepped upon an uneven rock which turned and caused him to fall into the ditch, spraining an ankle, and resulting in the injury complained of.

The defendant, city of Stroud, answering, denies specifically that there was a sidewalk or thoroughfare along Third avenue where plaintiff alleges he was injured, and alleges that there is little travel on Third avenue north of Ninth street, and that the passageway where the plaintiff was walking at the time of his alleged injury was merely a private way used only by the plaintiff and his family, and so used without the knowledge or consent of the city, or any of its officers or employees. The defendant further denies that it ever at any time built or constructed any sidewalk, passageway, crossing, or thoroughfare at the location indicated in plaintiff's petition, of stone or other material, nor did it authorize the building of any such passageway or crossing by others, and that if such passageway or crossing was constructed, it was without the knowledge or consent of defendant, and that it had no knowledge of the existence of the same prior

to January 14, 1937, when plaintiff's accident occurred, and hence it was under no duty to inspect same to see that it was constructed or maintained in a safe and proper manner.

The evidence shows that the plaintiff resided in a sparsely populated section in the northeast corner of the town lying north of Ninth street and east of Third avenue, in which section there were only three residences, including that of the plaintiff. That no sidewalk had ever been constructed, or walkway maintained by the municipality, but that the terrain was still in its natural state, except as to the drainage ditch which recently had been opened up to drain water falling and accumulating on an open block used as an athletic field. That the Works Progress Administration had recently graded and graveled a roadway in Third avenue along this block and as far north as Ninth street, and this drainage ditch was a part of the project. That the plaintiff lived immediately across Ninth street from the ditch and knew the condition of the so-called crossing prior to and at the time of the accident. That the rock crossing complained of was nothing more than an improvised step, consisting of a stack of three or four flat rocks, erected in the middle of the ditch, presumably by some pedestrian to facilitate passage over the ditch. The depth of the ditch was estimated by witnesses to be from 16 to 24 inches. The city authorities had no knowledge of the existence of the rocks in the ditch, nor had authorized the construction of any kind of crossing at this location. The plaintiff testified that he usually walked in the improved part of the street in going back and forth between his residence and town, but on this occasion he went and came over the sodden parkway and over the rock step from which he fell on his return home from town that night. Thus it is admitted by the plaintiff that he was familiar with the condition of the crossing previous to the occurrence of the accident.

In the case of City of Guthrie v. Swan, 3 Okla. 116, 41 P. 84, this court said (quoting from Craig v. City of Sedalia, 63 Mo. 417):

"'* * * Every defect or imperfection in the streets of a city is not actionable. It must appear that, under the particular circumstances of the case, it was the duty of the city to have removed the obstruction or repaired the defect which occasioned the injury, and that the person complaining was, at the time, in the exercise of ordinary care.

"'These are questions of fact to be determined by the jury under appropriate instructions. In the case at bar the court declared as a law that it was the duty of the defendant to keep the whole of the street, on which the accident occurred, in repair. This was error.'"

McQuillin on Municipal Corporations, vol. 6, § 2742, p. 5621, announces the rule as follows:

"The general doctrine to be deduced from the cases has been stated as follows: 'That in opening a street for travel, whatever may be its nominal width, it is primarily a matter within the discretion of the city to say whether it will prepare the whole or only a portion of the width of the street for travel; that in the business portions of the city, or where travel and the convenience of the public require it, the whole width of the street must generally be made and maintained passable in a reasonably safe condition; that where the whole width of the street has been prepared and opened for travel, whether primarily necessary or not, the city must thereafter maintain the whole street in a reasonably safe condition; that in some places, and especially in the outlying portions of the city, it may ordinarily determine what portions of the street it will prepare for travel, and in such places it need only maintain that portion which is opened and set apart for travel in a reasonably safe condition. * * *' "

In this case the city had never recognized the need of a sidewalk improvement either at the location mentioned or northward therefrom, and had

not invited or sanctioned the use of a walkway along said block by improving same. Circumstances of this nature reduce to a minimum the degree of care to be exercised by the city in the performance of its duty to make and maintain its streets reasonably safe.

In the case of City of Ada v. Burrow, 171 Okla. 142, 42 P. 2d 111, this court recognized the rule laid down by the text-writers, paragraphs 2 and 4 of the syllabus being as follows:

"In determining whether a municipal corporation is exercising reasonable care in the performance of its duty to make and maintain its streets reasonably safe, each case must depend upon its own surrounding circumstances. The care must be reasonable and commensurate with the danger, but in the performance of this duty the municipality has a wide discretion, with which the courts will not interfere in the absence of gross abuse.

"In each case involving negligence of a municipal corporation in constructing and maintaining its streets and passageways, the way is to be pronounced sufficient or insufficient as it is or is not reasonably safe for the ordinary purposes of travel under the particular circumstances which exist in connection with that particular case, considering the nature of the place and such reasonable limitations as may be put upon the use of the way for travel by virtue of other public necessities, convenience, and safety."

The instructions of the court are based upon the theory that the injury of plaintiff was sustained by reason of a defective sidewalk and fail to submit to the jury the question of defendant's duty to maintain a sidewalk at this location. This was tantamount to instructing a verdict for the plaintiff, and under the evidence in the case was error.

Under the evidence we are unable to say that there was an abuse of discretion on the part of the municipality in not opening up and maintaining a side-walk for the convenience of the few inhabitants in this section of the town. As there is no indication in the record that any public necessity for a sidewalk existed in this vicinity, there is no conflict in the evidence on this issue.

The judgment is, therefore, not sustained by the evidence and is contrary to law. Other questions need not be discussed.

The judgment is reversed and the cause remanded, with directions to dismiss.

BAYLESS, C. J., and RILEY, OSBORN, HURST, and DAVISON, JJ., concur. WELCH, V. C. J., and GIBSON and DANNER, JJ., absent.