CITY OF DUNCAN v. WRIGHT.

No. 30037. July 13, 1942.

*127 P. 2d 820.*

J. W. Marshall, of Duncan, for plaintiff in error.

J. G. Clift, of Duncan, for defendant in error.

WELCH, C. J. Judgment was had against the city for injuries sustained from falling into a hole in a bridge. The bridge was constructed of wooden planks and provided passage over a small stream. This bridge was the only passageway over the stream which had been provided by the city on this street. Traffic and the elements had caused one of the planks to become broken, causing a hole in the bridge sufficiently large to permit plaintiff's foot and leg to pass through, causing his fall and injury while attempting to walk across the same.

The city, upon appeal, seeks to show error under the two following propositions:

"Where the evidence shows that a municipality in the performance of its duty to make and maintain its streets reasonably safe has determined the necessity for the construction of sidewalks, where necessary, and has so provided, constructed, maintained and kept the sidewalks so determined upon, in a given section of the city, for foot travelers; no recovery can be had for injury to a pedestrian who having knowledge of the way of travel provided by the sidewalks fails to travel upon said sidewalks and leaves the sidewalk without sufficient reason and travels in an open street onto a bridge maintained for wheel traffic where he receives an injury; and it is error for the court to fail to so instruct the jury when requested."

"Each party to a controversy is entitled to have his theory of the case presented to the jury by proper instruction and it is the duty of the court to submit to the jury, by proper instructions, any issue, theory, or defense, which the evidence tends to support, and the failure to do so at the request of the defendant constitutes prejudicial and reversible error."

Under proposition 1 the city points out its theory of the case and the law. It cites City of Stroud v. Evans, 187 Okla. 350, 104 P. 2d 241, City of Guthrie v. Swan, 3 Okla. 116, 41 P. 84, City of Ada v. Burrow, 171 Okla. 142, 42 P. 2d 111, and Mitchell v. Richmond, 107 Va. 193, 57 S. E. 570, and others. It quotes from the Mitchell Case as follows:

"1. A pedestrian who leaves a sidewalk merely because it is wet and muddy, and attempts to walk along the gutter, cannot hold the municipality liable for injuries due to falling into an unprotected sewer opening."

And quotes further therefrom as follows:

"The law is as well settled as to the duties of a municipal corporation to construct and maintain in a reasonably safe condition the sidewalks along its streets for the use of pedestrians as it is with reference to keeping the road and streets in like condition for the use of travelers in vehicles; but no authority is produced for the proposition that a pedestrian may leave a sidewalk neither obstructed nor in an unsafe condition, but merely muddy, wet, and in a disagreeable condition to walk on, and, for an injury received in an attempt to walk in and along a gutter constructed for drainage only, recover damages of the corporation."

It quotes further from 2 Dillon on Municipal Corporations, § 1008, as follows:

"That sidewalks and street crossings are constructed for the use of foot passengers, but, if these happen to be obstructed, or to be in such a dangerous condition as to deter an ordinarily prudent man from using them, then he may walk elsewhere; but if he does so without sufficient reason, and is injured, his injury cannot be imputed to the negligence of the municipal corporation."

It urges that it was entitled to instructions under its theory.

As we understand the city's theory it is to the general effect that the street and bridge were not opened for general traffic, but were open only for and were confined to "wheel traffic," and that it maintained sidewalks on some of its streets, and if plaintiff had traveled upon some other streets where sidewalks were maintained, he would not have been injured.

The cited authorities seem to be to the general effect that the city may open such thoroughfares as it may choose for the general convenience; that it may restrict the travel use as to a part or all of a given thoroughfare; that when the travel is so restricted one may not violate the use or travel restriction without necessity.

We do not understand, however, that the cited authorities support the theory that because the city maintains sidewalks on some streets, such fact alone restricts all pedestrian traffic to those streets. The city's theory that plaintiff was required to remain upon the sidewalks, although that would require him to travel a different street, is not well taken here.

It remains to be determined whether the circumstances foreclosed plaintiff from pedestrian travel upon the street he chose to use. If this street was in fact open only to "wheel traffic" as contended, then we might find some merit in defendant's request for instructions in that regard.

The evidence is clearly to the effect that the street was not paved, but otherwise was maintained by the city as an open thoroughfare for ordinary use as is customary in a sparsely settled section of one of the smaller cities. The bridge was constructed in the usual manner in such cases, there being no evidence that its construction or design confined its use to any particular type of traffic. The street and bridge were such as we usually find provided for ordinary general travel and there is no evidence that the city had set apart any portions of that street for separate modes of travel. No sidewalks had been provided thereon, but that alone is no evidence to indicate that pedestrian travel was intended to be excluded therefrom. From this evidence the street was similar to an ordinary country road or highway, which, unless otherwise shown, is commonly known to be open to any of the customary modes of traffic, including pedestrian travel. The evidence here shows that this street was so used.

Where a street is open to ordinary and general travel, there being no evidence that it has been restricted or segregated to other types of traffic other than that one is employing, he is not required as a matter of law to choose another and wholly different thoroughfare merely because such other thoroughfare has special provision for his mode of travel.

The city's proposition 2 is scarcely distinguishable from its proposition 1, dealing only generally with the well-known rules which require the trial court to properly instruct the jury upon the theories of the respective parties and as warranted by the issues and the evidence. We have examined the instructions given and find no error therein, nor in the court's refusal to give those requested by the city.

Judgment affirmed.

CORN, V.C.J., and RILEY, OSBORN, BAYLESS, GIBSON, and DAVISON, JJ., concur. HURST and ARNOLD, JJ., absent.