OKLAHOMA CITY v. MARSHALL.

No. 31870.　June 18, 1946.

*169 P. 2d 1020.*

A. L. Jeffrey and John M. Lawrence, both of Oklahoma City, for plaintiff in error.

Duke Duvall and Dudley, Duvall & Dudley, all of Oklahoma City, for defendant in error.

OSBORN, J.　This action was commenced in the district court of Oklahoma county by Edna Marshall, plaintiff, against the city of Oklahoma City, a municipal corporation, as defendant, for personal injuries alleged to have been sustained by plaintiff by reason of the negligence of defendant in allowing a water meter box to protrude above the level of an unpaved walkway used by pedestrians. At the conclusion of plaintiff's evidence, the defendant's demurrer thereto was overruled. The defendant then introduced its evidence, at the conclusion of which both sides rested and the defendant moved for a directed verdict, which was overruled. The jury returned a verdict in favor of plaintiff in the sum of $500, judgment was rendered for said sum, and defendant appeals.

Plaintiff, while walking home from work about 10 o'clock on the night of April 13, 1943, was proceeding eastward on the south side of the 1400 block of East 6th street along an unpaved walkway or pathway immediately contiguous to an improved street, stumbled over a water meter box, or manhole, protruding some two or three inches above the surface of said pathway, and sustained an injury to her knee. The meter box was constructed of concrete with a metal cover and was situated approximately in the center of the walkway. The evidence discloses that the night in question was dark and plaintiff's back was to the street light, which was some 140 or 150 feet west of the place where the meter box is located. It is shown that East 6th street at this point is paved, and that the property on the south side of the street is a triangular plot of ground, unimproved, and that the pathway along which plaintiff was proceeding was not paved but was a well-beaten pathway, frequently used by pedestrians. The city stipulated that the meter box was constructed and maintained by it as a part of its water system, and that the meter in the meter box was read at least once every 30 days by an employee of the city water department.

For reversal the defendant contends that there is no actionable negligence shown on the part of the city for which the plaintiff can recover, and that the defect as shown by the evidence is of such a minor character that there is no liability on the part of the city. It

is the defendant's contention that the protruding meter box in the pathway in an unimproved part of the street is such a minor defect that it comes within the "trivial defect" rule, first recognized by this court in City of Tulsa v. Frye, 165 Okla. 302, 25 P. 2d 1080. The question thus presented here is whether, under the evidence above outlined, the defect or obstruction was of such character that careful and prudent men might reasonably differ as to whether an accident could or should have been anticipated, hence, a question of fact for the jury. City of Tulsa v. Lewis, 189 Okla. 470, 117 P. 2d 784. Or, as contended by defendant, that the defect or obstruction was so trivial that no prudent person would reasonably anticipate any danger from its existence, and making the negligence of the city a question of law. City of Tulsa v. Frye, supra.

Under the facts in the present case, we think the trial court did not err in refusing to apply the "trivial defect" rule, and that the question of the city's negligence was properly submitted to the jury. The meter box protruded above the level of the walkway or path to such an extent that careful and prudent men might differ as to whether such obstruction would amount to a danger or menace to the traveling public, and a jury question was therefore presented. City of Tulsa v. Lewis, supra, and authorities therein cited.

It is contended that since the city had not recognized the need for a sidewalk in this area and it was not incumbent upon it to construct or maintain a sidewalk in this locality, the city is not guilty of negligence. We cannot agree with this contention. The evidence discloses that the walkway was much used, and that the city had constructive notice of such use of that part of the street by pedestrians. In the early Kansas case of City of Atchison v. Maywood, 69 Kan. 672, 77 P. 549, in which the facts are similar to those in the instant case, that court held:

"Where, for a term of years, there is a general use by foot travelers of the part of a public street lying outside of the improved roadway, the city may be deemed to have recognized such use and assumed responsibility for its being made safe, although no artificial sidewalk has been constructed."

See, also, James v. City of Portage, 48 Wis. 677, 5 N.W. 31; 43 C.J. 988, para. 1772.

In support of its contention the city cites the case of City of Stroud v. Evans, 187 Okla. 350, 104 P. 2d 241. In that case the plaintiff resided at the extreme edge of the town and the ditch he was crossing was not in a well-beaten pathway used by pedestrians, and by plaintiff's own admission was not the way ordinarily used by himself and family, the only residents who lived beyond the ditch in question. In the instant case the plaintiff was proceeding along a well-beaten pathway immediately contiguous to a paved thoroughfare and located where a sidewalk normally would be placed. Since by continued use over a long period of time pedestrians, in order to escape the dangers of vehicular traffic on the paved portion of the street, had beaten out the pathway in question, it cannot be said as a matter of law that the city had not sanctioned such use, and, hence, it was for the jury to decide. See City of Duncan v. Wright, 191 Okla. 224, 127 P. 2d 820; City of Duncan v. Woods, 194 Okla. 371, 151 P. 2d 923.

The plaintiff argues that the city is liable in both its governmental and proprietary capacity, in that it owed a duty to maintain its sidewalks in a reasonably safe condition and also owed a duty to maintain its waterworks system in safe condition. Under the view we have taken it becomes unnecessary to discuss the liability of the city in its proprietary capacity, that of the operation of the city water system.

Affirmed.

HURST, V.C.J., and RILEY, CORN, and DAVISON, JJ., concur. BAYLESS and WELCH, JJ., dissent.