### CITY OF ARDMORE v. GRIFFIN.
### No. 35695.

Supreme Court of Oklahoma.
Sept. 15, 1953.

J. B. Moore, Ardmore, for plaintiff in error.

Sigler & Bruce, Ardmore, for defendant in error.

DAVISON, Justice.

This is an action, brought by the plaintiff, Jim Griffin, against the City of Ardmore, Oklahoma, as defendant, to recover damages for personal injuries allegedly resulting from a fall caused by a defect in a city street. The parties will be referred to as they appeared in the trial court.

In the City of Ardmore, Oklahoma, First Avenue Southeast runs from near the center or business district to the outer east part thereof. The street crosses a ravine or branch in a residential section of the city. During the days of the W.P.A., the bed and banks of the creek had been surfaced with stone and, at the place where the street crossed it, a culvert had been built over the creek, the roadway being some fifteen feet above the creek bed. The road or street was not surfaced but was graded and there were no sidewalks, the cost to the abutting land owners of constructing them being prohibitive.

At about 9:30 o'clock on the evening of September 29, 1951, plaintiff was walking west on the street, returning from a barbeque stand. The culvert where the stream ran under the street was about midway of the block. Street lights had been erected at the corners of the block, but there were none at the place in question. Plaintiff, walking along the south edge of the street, crossed the culvert and then stepped into a small depression or drain which had been washed out. He stumbled, fell and rolled into the creek. On November 14, 1951, he filed this action against the city, seeking damages for his personal injuries and for doctor and medical bills in the total amount of $5,237.69. A jury trial resulted in a verdict and judgment for $737.69, from which defendant has perfected this appeal.

Urged for reversal of the judgment are alleged errors of the trial court in overruling defendant's demurrer to plaintiff's petition; in overruling defendant's demurrer to the evidence and motion for an instructed verdict; in giving certain instructions to the jury to which the defendant duly objected and excepted at the time. The foundation for the demurrers to the petition and evidence was the asserted failure of plaintiff to allege or prove notice of any defect in the street, brought home to the defendant, and failure to allege or prove a breach by defendant of any duty owed to plaintiff. We agree with these contentions.

There are several circumstances in the case at bar which are of particular importance. The place where the accident occurred was in a residential section where property values were low. No sidewalk had been constructed because its cost would

have been confiscatory. The record indicates that travel by foot over the road was practically negligible. The street was not hard surfaced but was maintained by dragging. The principal improvement made at the site was the rock surfacing of the creek bed and the construction of the concrete culvert. This was done as a relief project in the days of the W.P.A. Street lights were maintained at each intersection. Such a situation comes clearly within the rules applied in the case of City of Stroud v. Evans, 187 Okl. 350, 104 P.2d 241, 243, wherein this court said,

"In this case the city had never recognized the need of a sidewalk improvement either at the location mentioned or northward therefrom, and had not invited or sanctioned the use of a walkway along said block by improving same. Circumstances of this nature reduce to a minimum the degree of care to be exercised by the city in the performance of its duty to make and maintain its streets reasonably safe."

The defect of which the plaintiff here complains was not one resulting from improper construction of the culvert, the street or the drainage way. Nor was it a result of any action on the part of the city. The allegations in plaintiff's petition were that the defendant had "permitted the dirt to wash down on the side of the culvert and * * * permitted a hole to be washed along the west edge of said culvert on the south side, and that said hole cannot be seen at night * * *." Plaintiff did not allege or prove a duty on the part of the defendant owed to the plaintiff, nor any breach of such duty. It is necessary, if there was a defect in the street, that the municipality have notice thereof, either actual or constructive. Although the case of City of Woodward v. Bowder, 46 Okl. 505, 149 P. 138, 139, was decided upon other grounds, the rule, with reference to notice, was stated therein, as follows:

"* * * except when the sidewalk has been rendered unsafe by the direct act, order, or authority of the municipal corporation, it is not liable for an unsafe condition of the same of which it has no notice, actual or constructive, * * *."

To the same effect is the case of Hayes v. Oklahoma City, 187 Okl. 490, 103 P.2d 563.

In the instant case, the petition contained no allegation, nor does the record disclose any evidence, that the municipality had notice, actual or constructive of the defect which plaintiff insists was the cause of his injuries. This case presents one of those situations, so common in small towns and in certain sections of cities, where the value of abutting property does not warrant the expenditure of large sums on the streets and sidewalks. To have constructed and maintained hard surfaced streets in this area with concrete curbs and drains and sidewalks, would have placed a tax burden on the abutting property greater than the value of such property. Instead, the city made such improvements as were possible and expedient by using W.P.A. assistance in rocking the bed of the creek and building a culvert over it. The street had been graded and furnished a fair means of access to and from the section benefited. To hold the municipality liable in this action, would be tantamount to requiring a city to put in modern and essentially perfect paving, curbs, gutters and sidewalks or else do nothing to improve the streets at all.

The City of Ardmore, under the facts of the present case, did all required of it under the following rule announced in City of Stroud v. Evans, supra,

"In determining whether a municipal corporation is exercising reasonable care in the performance of its duty to make and maintain its streets reasonably safe, each case must depend upon its own surrounding circumstances. The care must be reasonable and commensurate with the danger, but in the performance of this duty the municipality has a wide discretion, with which the courts will not interfere in the absence of gross abuse."

The plaintiff herein failed to allege and prove the essentials of a cause of action of this kind, namely: Notice to the municipality, either actual or constructive, of a defect in the way or street; sufficiency

of the defect to cast upon the municipality the duty to repair or correct the defect; breach of the duty; and injury directly and proximately resulting from such breach. The first two of these elements are here lacking.

The judgment is reversed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, WILLIAMS, and BLACKBIRD, JJ., concur.

O'NEAL, J., dissents.