Keith S. OVEROSE, a minor of the age of 6 years, by and through his mother and next friend, Vicki Overose, Plaintiff in Error,

v.

Robert D. GEISINGER, City of Tulsa, a municipal corporation, Robert DeBoer, d/b/a DeBoer Trucking Company, a sole proprietorship, and Tri-State Insurance Company, a corporation, Defendants in Error.

No. 36985.

Supreme Court of Oklahoma.
March 13, 1956.

As Amended May 28, 1956.

Rehearing Denied May 29, 1956.

Wheeler & Wheeler, John M. Wheeler, John Wheeler, Jr., Robert L. Wheeler, Tulsa, for plaintiff in error.

Hudson, Hudson & Wheaton, Rhodes, Crowe, Hieronymus & Holloway, Philip N. Landa, Tulsa, for defendants in error.

PER CURIAM.

The parties to this appeal bear the same relative position as in the trial court, and for convenience will be referred to as plaintiff and defendants except where it will be necessary to identify separate defendants.

Plaintiff brought action in the District Court of Tulsa County for personal injuries resulting from being struck by an automobile driven by the defendant, Geisinger. The City of Tulsa, the DeBoer Trucking Company and the Tri-State Insurance Company were made parties defendants with other parties not involved in this appeal.

The trial court sustained a motion of Tri-State Insurance Company to dismiss prior to the joinder of issues between plaintiff and parties defendants, and on trial of the case before the court and a jury, at the close of plaintiff's evidence, sustained a demurrer thereto interposed by the defendant, City of Tulsa, and the defendant, DeBoer. The trial continued before the court and a jury as between plaintiff and Geisinger. The jury could not agree and plaintiff appeals from the action of the trial court in dismissing as to the defendants in error, City of Tulsa and DeBoer Trucking Company and Tri-State Insurance Company. This appeal does not involve the defendant, Geisinger.

It is stated in the brief of plaintiff in error on behalf of plaintiff, a child of six at the time of the accident, that plaintiff sues claiming negligence on the part of the defendant City and DeBoer in creating an attractive nuisance to children; failure of the city to maintain a street crossing in a reasonably safe condition, opening and closing a street to traffic instead of keeping it closed; negligence on the part of Geisinger and concurrence therein by the defendants; liability of Tri-State by reason of its liability insurance policy covering DeBoer and the City.

Plaintiff presents his assignments of error under three propositions, being in substance that the negligence of DeBoer and the City contributed to his injury and the court thereby erred in holding the attractive nuisance doctrine inapplicable; and, error in dismissing Tri-State from the action.

The facts material to the determination of this appeal relate to the particular area of the street in which plaintiff was injured on April 1, 1954. Prior to the injury DeBoer, under contract with the defendant city to widen Riverside Drive south of intersecting 31st street in Tulsa, in proceeding with the work, moved machinery peculiar to construction work of that nature into the area. Plaintiff's allegation and evidence deal with the distribution of sand, gravel, concrete fragments and dirt upon the roadway in that area, together with the claim that the machinery used and a nearby sand-pile, constituted an attractive nuisance by which plaintiff was drawn to the area. The alleged concurrent negligence on the part of the city and DeBoer are in connection with this situation, which plaintiff claims was a contributing cause of his injury occasioned by the negligent act of Geisinger in hitting him with his car.

The particular area of Riverside Drive where plaintiff was struck was between a bridge on Riverside Drive south of 31st street and the intersection of the two streets. From the evidence adduced by plaintiff relative to the accident, and the condition of the street at the time, we cannot find that the trial court erred in sustaining the demurrer to the evidence. It was almost night when the accident occurred and the resulting police investigation was made shortly thereafter. Two pictures of the street showing the bridge and north beyond the place where plaintiff was struck were taken by police, or under their direction during the investigation, and were placed in evidence. These two exhibits are most revealing and are supported by the testimony of two Tulsa police officers.

From the photographs, and the testimony as a whole, it is clear that both the surface of the bridge and the paved portion of the street north to the point where plaintiff was struck by the car, a distance of some twenty to thirty feet north of the north end of the bridge, was clear of sand, gravel or dirt. It is also clear from skid marks made by the left wheel of Geisinger's car in attempting to avoid hitting plaintiff that there was an absence of any substance such as sand, gravel or dirt to interfere with good traction or in any wise to hinder the braking of the car on the paved surface. The right wheels of the Geisinger car were off the pavement on a graveled shoulder, while the left wheels were making their skid marks on the pavement. The graveled shoulder north of the bridge was on a level with the pavement and appears, from the picture thereof, to be uniform in surface and there is no showing in the evidence of any effect therefrom in connection with the accident other than that gravel hinders the braking of an automobile.

Under this evidence we are compelled to find that the evidence fails to support plaintiff's contention that the defendant city and DeBoer contributed to the cause of plaintiff's injury by placing and allowing sand, gravel, concrete fragments and dirt to remain upon the roadway. in connection with the construction work performed by DeBoer as a contributing cause of plaintiff's injury.

Plaintiff had been playing with a child of his own age on the west side of Riverside Drive and when struck by the car was attempting to cross the street to the east side of the street to return to his home in an apartment house located at the southeast corner of the intersection of Riverside Drive and 31st street. It is urged by plaintiff that the trial court erred in holding the attractive nuisance doctrine inapplicable. We cannot agree. Plaintiff was not injured by the negligence of the city and DeBoer by reason of any substances in the street as contended by plaintiff, nor does plaintiff allege or claim any injury by the things purported to constitute an attraction to the area. Under this factual situation it cannot be said that the attractive nuisance doctrine can be applied. We find no error in the trial court's holding that the doctrine was inapplicable.

There being no error in sustaining the motions of the defendant city and defendant DeBoer to the evidence, and dismissing the case as to each, it follows that the earlier dismissal as to the defendant, Tri-State Insurance Company, was immaterial since the latter's liability, if any, was dependent on that of the city of Tulsa and the DeBoer Trucking Company.

The liability of a municipal corporation from defects or obstructions in its streets is for negligence only; it is not an insurer of the safety of those traveling thereon and is only required to exercise ordinary care to maintain them in a reasonably safe condition for those using them in a proper manner.

Where, as here, the evidence, with all the inferences the jury could reasonably draw therefrom, is insufficient to support a verdict for plaintiff. under the rule above stated, and is equally insufficient to support a verdict for one contracting with a municipality in construction work on a street based on allegations of negligence, the trial court should sustain a demurrer to the evidence. See Ballard v. Manhattan Construction Co., 186 Okl. 506, 98 P.2d 1112, and cases cited therein.

Affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner CRAWFORD, and approved by Commissioners REED and NEASE, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY, JACKSON and HUNT, JJ., concur.

BLACKBIRD, J., concurs in result.