**Sandra Reed RIDER, Plaintiff in Error,**

**v.**

**CITY OF NORMAN, Defendant in Error.**

**No. 42468.**

Supreme Court of Oklahoma.

Oct. 27, 1970.

Robert Lake Grove, Oklahoma City, for plaintiff in error.

Fielding D. Haas, Norman, for defendant in error.

LAVENDER, Justice.

This action was commenced to recover damages for personal injuries suffered by plaintiff when she fell over a defect in one of the sidewalks of the defendant City of Norman. The defect consisted of a rise of two (2) inches in two sections of the sidewalk at the point where the plaintiff tripped. The defendant submitted certain interrogatories to plaintiff along with a photograph of the scene (defendant's Exhibit 1). The plaintiff identified the photo as correctly depicting the scene. The trial court sustained defendant's motion for summary judgment and the question here is whether the case should have gone to the jury. We hold that under the circumstances of this case the trial court did not err in its judgment.

From the Amended Petition, the interrogatories, and the photograph of the scene, it appears that on a day in December at the hour of 7:50 A.M., or thereabouts, plaintiff was walking along the sidewalk involved on her way to her place of employment nearby. She was carrying in her arms two pillow cases and two sheets. The weather was clear and dry and there was nothing to prevent plaintiff from observing the condition of the sidewalk.

There is no dispute concerning notice of the defect to the defendant.

It is contended by plaintiff in this court that in order for us to affirm the trial court we must hold that the failure on the part of a municipality to correct a defect of two inches in height in one of its sidewalks is not actionable negligence, as a matter of law. Plaintiff contends further that so

far we have never so held. We do not so hold in this matter. What we do hold is that under all of the circumstances shown by the plaintiff's Amended Petition, the interrogatories, and the exhibit, we can only conclude—as did the trial court—that actionable negligence was not shown here against the defendant city.

 The liability of a municipality for injuries from defects in its streets or sidewalks is for negligence only. It is not an insurer of the safety of travelers, but is required to exercise ordinary or reasonable care to maintain its streets and sidewalks in a reasonably safe condition for travel by those using them in a proper manner. City of Ada v. Burrow (1935), 171 Okl. 142, 42 P.2d 111; Ballard v. Manhattan Construction Company et al. (1940), 186 Okl. 506, 98 P.2d 1112; Walker v. Reeves et al. (1951), 204 Okl. 669, 233 P.2d 307; Zachary v. City of Sapulpa (1966), Okl., 442 P.2d 328.

"A municipality will not be liable for every defect or obstruction, however slight or trivial, or little likely to cause injury, or for every mere inequality or irregularity in the surface of the way; it is only against danger which can or ought to be anticipated, in the exercise of reasonable care and prudence, that the municipality is bound to guard." Zachary v. City of Sapulpa, supra.

The same basic rule using, however, slightly different language, appears in a number of our previous decisions. For example, see City of Tulsa v. Frye (1933), 165 Okl. 302, 25 P.2d 1080; Smith v. City of Tulsa (1935), 172 Okl. 515, 45 P.2d 689; Oklahoma City v. Banks (1936), 175 Okl. 569, 53 P.2d 1120; Short v. Oklahoma City (1936), 177 Okl. 202, 58 P.2d 334; Hale v. City of Cushing (1942), 191 Okl. 137, 127 P.2d 818; City of Marietta v. Bigham (1945), 196 Okl. 114, 162 P.2d 999; City of Woodward v. Mitch (1956), Okl., 297 P.2d 557; and City of Woodward v. Mitch (1956), Okl., 304 P.2d 1055.

 The test of a municipality's negligence in a case such as here is whether or not such municipality, in the exercise of reasonable care and prudence, could have, or should have, anticipated danger and damages to the traveling public using the way. Classifying a certain size defect as "trivial" or "slight" has been merely a convenient way to describe a defect from which, considering all of the circumstances that could be shown, all reasonable men would agree the defendant city would not (in the exercise of reasonable care and prudence) anticipate danger to the public using the way.

 In this case the plaintiff's view of the sidewalk was clear and unobstructed so far as appears from the record. It was broad daylight. Under all the circumstances presented, we find no reversible error in the trial court's sustaining defendant's motion for summary judgment.

Judgment affirmed.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, HODGES, and McINERNEY, JJ., concur.