## SMITH v. CITY OF TULSA.

No. 25894. April 9, 1935.

Rehearing Denied June 11, 1935.

Woodson Norvell, for plaintiff in error.

H. O. Bland, E. M. Gallaher, and Bert E. Johnson, for defendant in error.

PER CURIAM. This action was commenced by plaintiff in error, Cora A. Smith, against the city of Tulsa, a municipal corporation, defendant in error, by filing her petition in the district court of Tulsa county, Okla., on the 27th day of December, 1932. The parties hereafter will be referred to as plaintiff and defendant as they appeared in the lower court.

The plaintiff alleges in her petition that she is a resident of the city of Tulsa, and averred that the city of Tulsa owed her a

duty to keep its streets and sidewalks in a reasonably safe condition for travel by herself and other pedestrians, but that on the 29th day of October, 1931, defendant had previously permitted a hollow metal pipe to be inserted in the sidewalk about 100 feet west of the intersection of Seventeenth street and near the edge of said sidewalk. That said pipe was about two inches in diameter and was firmly set in the concrete of which said sidewalk was constructed, and carelessly and negligently set so as to project about two inches above the surface of such sidewalk; and that the fact of the existence of such pipe and the character of obstruction the same caused, had for months been well known to the officers, agents, and employees of the defendant, or could have been known to them by the exercise of reasonable care on their part; and that such pipe was and is a dangerous obstruction and menace to the safety of persons passing along said sidewalk at said point. That at about five o'clock in the afternoon of said date, she was traveling along said sidewalk at said point and exercising reasonable care and caution for her safety, and in attempting to pass said point, struck her foot against the said metal pipe, so carelessly and negligently set in said sidewalk as aforesaid, and tripped and fell forward into the paved street, which had a level about one foot below the surface of said sidewalk, and as a result thereof sustained severe bruises and contusions on her back, arms, legs and shoulders and other injuries; that she has suffered great mental anguish and physical pain, and that she was permanently injured, all as a result of and occasioned by the fall aforesaid and as a direct and proximate result of the carelessness and negligence of the defendant in permitting said pipe to be placed in and remain in said sidewalk, as aforesaid, to the damage of plaintiff in the sum of $20,000.

To this petition the defendant answered by way of general denial, admitting, however, that it was a municipal corporation, and denying specifically that plaintiff was injured as alleged in her petition, and denying that it was guilty of negligence as alleged in said petition, and denying that plaintiff was injured or suffered damage as set forth in her petition, and for further answer pleaded that if plaintiff was injured, the same was caused or materially contributed to by her own negligence, carelessness, and failure upon her part to use ordinary care, on account of which con-

tributory negligence said plaintiff should be barred from recovery herein, and that defendant should go hence without day, that plaintiff take nothing, and that it recover all costs in its behalf laid out and expended.

A trial was had before a jury and nine members of said jury returned its verdict in favor of plaintiff in the sum of $500. A motion for new trial was duly filed by the defendant, city of Tulsa, alleging numerous errors, which motion for new trial having been duly presented to the court, thereafter, on the 27th day of November, 1933, the court sustained the motion for new trial, giving as a reason therefor the following grounds as found in the journal entry of said judgment, to wit:

"And the defendant, having timely filed a motion for new trial in said cause, the same comes on for hearing upon April 5, 1934, and the court, upon a consideration of said motion and after hearing arguments of counsel and being of the opinion that said motion should be sustained, and upon the request of counsel for plaintiff states that the sole reason for such action complained of in plaintiff's petition, that is, a hollow pipe about two inches in diameter, set in the concrete sidewalk for use as a receptacle for holding flagstaffs, and which extended approximately one inch above the surface of such walk and located near the outer edge thereof, was such a trivial defect that the maintenance thereof was not negligent on the part of the defendant, and for that reason the court holds that defendant is not liable to plaintiff for the injury complained of, to which the plaintiff excepts."

Exceptions were taken by the plaintiff to the sustaining of the motion for new trial, and the cause comes regularly upon appeal to this court by the plaintiff. The plaintiff sets forth two assignments of error, as follows:

(1) The verdict of the jury is fully sustained by the law and the evidence.

(2) The court erred in sustaining the defendant's motion for new trial.

The evidence in the case disclosed that the plaintiff lived on the south side of Seventeenth street in the American Hotel, but worked as cook in the Long Hotel immediately across the street opposite on the north side of Seventeenth street; both of these hotels, from the map that was introduced in evidence, seem to be in the middle of the block, and the plaintiff in crossing

from the American Hotel to perform her duties as cook at the Long Hotel, came out of the entrance of the American Hotel and came east and there straight across the street somewhere near the middle of the block, and that there was an iron pipe set in the sidewalk about two inches in diameter and used for the purpose of holding flagstaffs, and that the said pipe, as shown by actual measurement, extended above the sidewalk seven-eighths of an inch, and was set in the sidewalk near the edge of the sidewalk or immediately adjacent to the curb; that the plaintiff had come along said street repeatedly and was familiar with the surroundings, except she disclaimed any knowledge of the location of the pipe; that in going across the sidewalk to the street on her way to her work, she tripped on said pipe and fell, receiving severe injuries, as disclosed by the record.

The defendant, in view of the record and testimony, contends:

"(1)   A municipal corporation, not being an insurer of the safety of its sidewalks, it becomes a matter of law for the court to determine whether negligence may be reasonably inferred from the evidence adduced.

"(2)   The district court has a large and extended discretion regarding new trials, and the granting of a new trial should not be disturbed unless it is shown that such discretion was manifestly abused."

We have examined carefully the authorities cited by the attorney for plaintiff in her brief, but the decisions of our own court upon the record here in our understanding of this case will control, and are decisive in this jurisdiction.

Beginning with the case of Hogan v. Bailey, 27 Okla. 15, 110 P. 890, this court said:

"The Supreme Court will very seldom and very reluctantly reverse the decision or order of the trial court which grants a new trial."

Following this case is the case of St. Louis & S. F. Ry. Co. v. Card, 37 Okla. 375, 132 P. 144, in which it is said:

"In passing on a motion for a new trial, the court must necessarily be vested with a reasonable range of discretion in granting or refusing same, and unless he should feel an abiding conviction that the movant has had a fair and impartial adjudication of his rights, a new trial should be granted; and where, after a review of the proceedings, and after due consideration a new

trial is granted, the order will not be reversed, unless the record discloses a clear abuse of discretion."

And in the case of KKK Medicine Co. v. Harrington, 83 Okla. 201, 201 P. 496, we find the following:

"Where such judge on presentation of a motion for a new trial sustains said motion, it will require a clear showing of manifest error and abuse of discretion before an appellate court would be justified in reversing such ruling of the trial court."

To the same effect are the cases of Isaacs v. Tulle, 131 Okla. 138, 267 P. 1049; Avery v. Goodrich, 138 Okla. 123, 280 P. 586; American National Bank v. Dunn, 143 Okla. 116, 287 P. 999; Creekmore v. City of Tulsa, 139 Okla. 249, 281 P. 782, and the case of Spruce v. Chicago, R. I. & P. Ry. Co., 139 Okla. 123, 281 P. 586, where it is said:

"Greater latitude is given trial courts in sustaining motions for new trial than in overruling such motions; the general rule is that the action of a trial court in sustaining a motion for new trial will not be disturbed by the appellate court, unless the trial court has acted arbitrarily, or has clearly abused its discretion, or has manifestly erred in some pure, simple, and unmixed question of law."

In view of the fact that our court has passed so completely upon the duties of the appellate court, where, as in this case, the trial court has sustained a motion for new trial, we, then, cannot reverse said action of the trial court, unless we find he has transcended his authority or abused his discretion, or has erred in some pure, simple, and unmixed question of law in his order sustaining the motion for new trial.

On the first proposition presented by defendant in its brief, namely, that "A municipal corporation, not being an insurer of the safety of its sidewalks, it becomes a matter of law for the court to determine whether negligence may be reasonably inferred from the evidence adduced," our court has recently decided the case of City of Tulsa v. Frye, 165 Okla. 302, 25 P. (2d) 1080, upon the question of the right of a court as a question of law to determine whether a defect in a sidewalk is so slight that no careful or prudent person would reasonably anticipate any danger from its existence, but still an accident happens which could have been guarded against by the exercise of extraordinary care and foresight, the question of the municipality's responsibility for injury is one of law.

In the case above referred to, the plaintiff sued to recover damages for injuries sustained when she caught her shoe heel in a defect in a sidewalk. The defect was described in her petition as a "crevice, hole or opening" about two inches wide between the end of a cement block of the sidewalk and the curb where the sidewalk abuts the curb, and further that the level of the said block of cement was about one inch higher than that of the curb, and it is said in the body of the opinion that:

"'If one will observe Oklahoma City's streets of any considerable age, he will find, on almost every hand, depressions of an inch to an inch and a half deep that will show up with standing water after most any rain. Even the sidewalks are full of them, and it is practically impossible to keep the sidewalks, streets and gutters at a grade that is uniform.' (City of Bristow, v. Pinkley, 158 Okla. 104, 12 P. (2d) 229.)

"This seems to be in accord with the better reasoned and majority rule. It is stated in McQuillin on Municipal Corporations (2d Ed.) vol. 7, sec. 2974: 'To keep all the sidewalks in perfect condition at all times is practically a municipal impossibility. For instance, slight inequalities are nearly always found, at one place or another, especially where there is much travel. Minor defects or obstructions are generally not actionable. Generally, in accordance with the principle sustained by a majority of the judicial decisions, early and late, these minor defects or obstructions include slight depressions in sidewalks, slight differences in the level of a sidewalk. * * * inequalities at junction of concrete blocks of which the walk was composed, and small holes.'

"Among the cases cited by the defendant as applying this rule are those of Emery v. City of Pittsburgh (Pa.) 119 Atl. 603; Kleiner v. Madison (Wis.) 80 N. W. 453; Van der Blomen v. Milwaukee (Wis.) 164 N. W. 844; Huntington v. Bartrom (Ind. App.) 95 N. E. 544; Johnson v. Ames (Iowa) 162 N. W. 858; Baker v. City of Detroit (Mich.) 132 N. W. 462; and Bennett v. City of St. Joseph (Mich.) 109 N. W. 604. These and other cases are cited in footnotes to the text quoted from McQuillin, supra.

"We are therefore of the opinion, and hold, that when the defect complained of is described with sufficient certainty in the petition, and is established with sufficient certainty in the evidence and shows the defect to be one of such a minor character that ordinary men could not differ as to whether or not it was dangerous or was likely to cause injury to a pedestrian, it becomes a matter for the court to determine, either upon demurrer to the petition or upon appropriate motion during the trial,

and is not to be submitted to the jury for determination. What we said in City of Tulsa v. Harman, 148 Okla. 117, 290 P. 462, is applicable here:

"'In District of Columbia v. Moulton, 182 U. S. 576, 45 L. Ed. 1237, that court said: "The question of negligence or no negligence is one of law for the court, where but one inference can reasonably be drawn from the evidence."' "

In the case of City of Bristow v. Pinkley, 158 Okla. 104, 12 P. (2d) 229, it was alleged that the streets of Bristow had been placed in bad repair in that the servants and agents of the city had dug, or caused to be made, a hole in said pavement approximately eight inches from the junction of the pavement on Main street and the sidewalk on the west side of Main street, and that said hole had been left open and was known to the city of Bristow, its servants and agents, that plaintiff stepped from the sidewalk into said hole, falling and breaking the bones in her right foot, spraining her ankle, and sustaining other injuries. A trial was had resulting in a verdict for plaintiff in the sum of $3,500, and in reversing said judgment this court said:

"The law as to the liability of the town or city is settled in this state, to the effect that a city or town is bound to use ordinary care to keep the streets in a reasonably safe condition for public use in the ordinary mode of travel. The law of liability is based on negligence of the city in failing to keep the streets in such condition after notice of defect and opportunity to correct the defective condition."

The fact that there was a hole eight inches wide and one inch or one and one-half inches deep where water had collected, was not such a hole as to be characterized as a "danger hole," and that in the streets of cities in Oklahoma there are many depressions of an inch or one and one-half inches deep where water stands after a rain; even the sidewalks are full of them, and it is practically impossible to keep the sidewalks in a grade that is uniform, and this court held in that case that under such circumstances there was no actionable negligence on the part of the city, and that:

"If what was established in this case does show such actionable negligence, a city could not very well exist with the travel of modern conditions."

We do not deem it necessary to cite further authority on the right of the court to pass upon the question, as a matter of law, as to whether the defect that a pipe on

the outer edge of the sidewalk, placed there for the purpose of inserting a flagstaff, and not in the ordinary line of travel, and which extended less than one inch above the sidewalk at the outer edge thereof, was actionable negligence on the part of the city.

The attorneys for defendant cite and quote from many authorities all over the United States, which define the liab'lity of cities in cases of this character, and what constitutes actionable negligence, but we do not deem it necessary to consider them, in view of the numerous decisions of, our own court upon the proposition, and we conclude that the court was correct in his holding in his judgment sustaining a motion for new trial. See, also, City of Ada v. Burrow, 171 Okla. 142, 42 P. (2d) 111.

We therefore, hold that the court was correct in sustaining a motion for new trial, and that the action of said court should be and it is hereby affirmed.

The Supreme Court acknowledges the aid of Attorneys Wm. P. Thompson, Frederick B. Owen, and F. A. Rittenhouse in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Thompson, and approved by Mr. Owen and Mr. Rittenhouse, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.