### VANHOY et al. v. SUN CO.

No. 26579.    April 21, 1936.

George Taylor for plaintiffs in error.

Springer & Hervey, and W. S. Meyer, for defendant in error.

PER CURIAM. This action was commenced by the Sun Company, a corporation, as plaintiff, against W. L. Vanhoy and Vanhoy Motor Company, as defendants, to recover upon eight certain promissory notes of $100 each, plus interest and attorney fees. Before going to trial plaintiff dismissed the cause of action as to three of said notes, without prejudice. During the trial, the execution and delivery of the notes were admitted, and it was clearly made to appear that the Sun Company was the owner and holder thereof.

In the answer of Vanhoy and Vanhoy Motor Company, it is alleged:

"That said notes have been fully paid and satisfied by reason of credit which the defendant is entitled to upon the purchase of oils and gas and that the defendant is entitled to an accounting from the plaintiff for oils and gas purchased, and that upon his purchase of gas he is entitled to a one-cent discount; that he would attach an itemized statement of his credits hereto, but that the original credit sheets and purchase orders are in the possession of the plaintiff; and the defendant, having made said notes and purchased said oils and gas during the years 1930 and 1931, while in business at Jennings, Okla., he has either lost or mislaid his records during the past years and is unable to produce the duplicate purchase sheet. * * *"

At the trial, in support of the plea, Vanhoy testified in a vague, unsatisfactory and indefinite manner with reference to an oral contract with some officer of the Sun Company, relative to discounts to be allowed defendant on purchases made from the plaintiff corporation subsequent to the execution of the notes, to be credited thereon, and testified in like manner with reference to the amount of gallonage purchased from the Sun Company during the years 1930, 1931 and 1932.

The cause was submitted to the jury which returned a verdict for Vanhoy and the Vanhoy Motor Company. Sun Company, in due course, filed a motion for new trial on the ground, among others, that the verdict rendered was contrary to and not supported by the evidence. The trial court sustained the motion and granted the Sun Company a new trial. From the order granting a new trial, Vanhoy and the Vanhoy Motor Company duly appealed.

The rule is too well settled to permit of cavil, that a motion for a new trial is addressed to the sound discretion of the trial court, and that an order granting a motion for a new trial will not be disturbed on appeal unless it is found that the trial court acted arbitrarily, clearly abused its discretion, or manifestly erred in some pure, simple, and unmixed question of law. Spruce v. C., R. I. & P. Ry. Co., 139 Okla. 123, 281 P. 586; Smith v. City of Tulsa, 172 Okla. 515, 45 P. (2d) 689.

The record has been examined. It does not appear therefrom that the trial court abused its discretion, acted arbitrarily, or erred in a question of law, in granting the motion for new trial. The action of the court in sustaining the motion for new trial is affirmed.

The Supreme Court acknowledges the aid of Attorneys Norma F. Wheaton, Joe B. Houston, and Hughey Baker in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council and approved by the Supreme Court. After the analysis of the law and facts was prepared by Norma F. Wheaton and approved by Joe B. Houston and Hughey Baker, this cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

RILEY, BAYLESS, WELCH, PHELPS, CORN, and GIBSON, JJ, concur. McNEILL, C. J., and BUSBY, J., absent.