## HALE v. CITY OF CUSHING.

No. 30372.   June 30, 1942.

*127 P. 2d 818.*

E. P. Ledbetter and John M. Montgomery, both of Oklahoma City, for plaintiff in error.

138

S. J. Berton, of Cushing, for defendant in error.

PER CURIAM. Plaintiff, John M. Hale, filed an action against the defendant, city of Cushing, for damages for personal injuries received by him. On the morning of February 19, 1939, he was walking from his residence in Cushing to his place of employment with the Montgomery Ward Store in Cushing. He stumbled and fell down some steps leading from the sidewalk and sustained severe injuries, for which he brought suit. At the conclusion of all the testimony offered by the plaintiff, the trial court sustained a demurrer to the evidence and entered judgment for the defendant. This is the sole allegation of error presented by the plaintiff on his appeal. As stated in Pool v. City of Cushing, 184 Okla. 577, 89 P. 2d 294, it is elemental that if there is competent evidence which, if believed, would reasonably have sustained a verdict against the defendant, the sustaining of the demurrer to the evidence was error. As suggested therein, we have not weighed the evidence, but have examined it for the purpose of stating the ultimate facts as favorably to the plaintiff as the legal competent evidence would reasonably have permitted if the issue had gone to the jury.

The evidence, including five photographs of the steps and their locality, discloses that plaintiff was injured when he fell down a series of four steps, counting the top landing, which was flush with the sidewalk on which he had been walking prior to the fall. It is claimed that the negligence of the defendant was that it failed to maintain the sidewalk and the steps in a reasonably safe condition. The principal claim of negligence in this respect is that the landing step flush with the sidewalk was raised an inch or approximate major portion of an inch above the sidewalk; that snow, ice, and mud had been allowed to accumulate near or on this raise and that plaintiff stumbled on the raised portion, causing the fall. He could not remember whether the day before the accident had been cloudy or clear and bright with no snow or rain. On the morning that the accident happened plaintiff saw snow and ice on the steps of his home as he left his house and there were wet spots or wet places, snow and ice and mud along the sidewalk as he approached the steps near the intersection of Cleveland street and Fourth street. It was approximately a half block from his house to the intersection of Cleveland street and Fourth street. He did not turn east on Cleveland street, but continued down the steps on Cleveland street; that he had walked this way time and again because it was the nearest way to his work; that he had noticed this defect in the sidewalk and the steps about ten months before when he moved into the house where he lived at the time of the accident.

It is the duty of a municipality to use ordinary care and diligence to keep its sidewalks in reasonably safe condition for public use in the ordinary mode of travel. City of Tulsa v. Frye, 165 Okla. 302, 25 P. 2d 1080; Pool v. City of Cushing, supra. But in this respect the municipality is not an insurer of the safety of the traveling public and its liability is founded on negligence. City of Ada v. Burrow, 171 Okla. 142, 42 P. 2d 111.

Where the defect is of such a character that careful and prudent men might reasonably differ as to whether an accident could or should have been anticipated, then the question of city's liability is one of fact. City of Ardmore v. Fowler, 54 Okla. 77, 153 P. 1117; Ponca City v. Swayne, 174 Okla. 576, 50 P. 2d 1082; City of Okmulgee v. Bridges, 185 Okla. 537, 94 P. 2d 927.

Where the defect, if any, is slight or trivial or a mere inequality or irregularity in the surface of the way, this court has held as a matter of law that such slight defect or depression in a street, highway, or sidewalk does not establish actionable negligence on the part of the municipality though known to exist and an accident occurs in the use of the street or sidewalk. City of

Bristow v. Pinkley, 158 Okla. 104, 12 P. 2d 229; City of Tulsa v. Frye, supra; Smith v. City of Tulsa, 172 Okla. 515, 45 P. 2d 689; City of Ada v. Burrow, supra; Oklahoma City v. Burns, 174 Okla. 512, 50 P. 2d 1101; Oklahoma City v. Banks, 175 Okla. 569, 53 P. 2d 1120; Oklahoma City v. Cantrell, 181 Okla. 56, 72 P. 2d 381. In City of Tulsa v. Frye, supra, it is stated:

"Where a municipal corporation has the duty of keeping its sidewalks in repair an accident happens by reason of some slight defect from which damage was not reasonably to be anticipated, the said city is not chargeable with negligence.

"When a defect in a sidewalk is so slight that no careful or prudent person would reasonably anticipate any danger from its existence, but still an accident happens which could have been guarded against by the exercise of extraordinary care and foresight, the question of defendant's responsibility is one of law."

If we can assume that there was ice and snow on the sidewalk as early as the day before the accident in the case at bar, there is no circumstance showing a situation requiring any special precaution on the part of the defendant. We are therefore of the opinion, and hold, that this is a case where the rule should be applied and that the mere irregularity or inequality in the surface of the way would not justify the submission of the question of negligence to the jury. There was no error in the ruling of the trial court, and the judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, and DAVISON, JJ., concur. HURST and ARNOLD, JJ., absent.