CITY OF MARIETTA v. BIGHAM.

No. 31753. Nov. 6, 1945.

*162 P. 2d 999.*

Crawford W. Cameron and J. S. Batson, both of Marietta, for plaintiff in error.

J. W. Dixon, of Marietta, for defendant in error.

GIBSON, C. J. This is an appeal by plaintiff in error, defendant below, from a judgment of the district court of Love county wherein defendant in error, as plaintiff, recovered judgment against defendant for personal injuries. The parties to the appeal will be hereinafter referred to as they appeared in the trial court. In view of the conclusion we reach it will not be necessary to discuss any of the assignments of error other than that the trial court erred in not sustaining defendant's demurrer to the evidence of the plaintiff.

In plaintiff's petition it is alleged that on November 10, 1941, while walking on the sidewalk on the south side of the main street of defendant city, she stepped into a hole in the sidewalk causing her to be thrown off balance and to fall and in so doing to break her left leg. It is alleged that the accident and the resultant injuries were proximately caused by defendant's negligence in permitting the hole and other conditions in the sidewalks of the defendant to remain, and that such conditions were dangerous to users of the sidewalk, and had existed for a great period of time and were known or should have been known by said defendant.

The evidence shows that at or near the place where plaintiff sustained her injury there is a slight incline in the sidewalk, measuring 18 inches or two feet in length. The testimony relating to the fall of the incline varied from one inch to three or four inches. About one step from the bottom of the incline was the hole into which plaintiff testified she stepped, resulting in her fall. The only witness who measured the depth of the hole testified it to be one-half inch deep. Other witnesses estimated it to be an inch deep. The width of the hole was estimated by various witnesses to be from three or four inches to six or eight inches. The hole corresponded in character to the depression created when the top or finishing coat has come off a concrete walk.

The evidence does not disclose that the hole in question was in any sense a "danger hole" or trap.

This court has many times announced the rule that when a defect in a sidewalk is so slight that no careful or prudent person would reasonably anticipate any danger from its existence, but still an accident happens, the question of defendant's liability is one of law. City of Tulsa v. Frye, 165 Okla. 302, 25 P. 2d 1080; City of Bristow v. Pinkley, 158 Okla. 104, 12 P. 2d 229; Hale v. City of Cushing, 191 Okla. 137, 127 P. 2d 818.

In the last cited case we said:

"Where the defect, if any, is slight or trivial or a mere inequality or irregularity in the surface of the way, this court has held as a matter of law that such slight defect or depression in a street, highway, or sidewalk does not establish actionable negligence on the part of the municipality though known to exist and an accident occurs in the use of the street or sidewalk."

We are of the opinion that the plaintiff has failed to show any primary negligence of defendant in maintaining this sidewalk and that the condition of the sidewalk as shown by the record was not inherently dangerous to travel thereon. The demurrer to plaintiff's evidence should have been sustained.

The cause is therefore reversed, with directions that it be dismissed.

HURST, V. C. J., and OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. RILEY and CORN, JJ., dissent.