WALKER v. REEVES et al.

No. 33926.    June 5, 1951.

Rehearing Denied July 3, 1951.

*233 P. 2d 307.*

670

Harold Dodson and Bliss Kelly, Oklahoma City, for plaintiff in error.

Cheek, Cheek & Cheek, Oklahoma City (George Miller, Jr., Oklahoma City, of counsel,) for defendants in error.

A. L. Jeffrey, Municipal Counselor, and P. J. Demopolos and Raymond Gramlich, Asst. Municipal Counselors, Oklahoma City, for defendant in error, Oklahoma City.

CORN, J. Plaintiff sued defendants Reeves, and defendant city, to recover damages for personal injuries sustained by reason of a fall upon an alleged defective, icy sidewalk in front of Hadden Hall, an apartment hotel owned and operated by the Reeves.

The case was tried upon the amended petition, wherein plaintiff alleged he was a tenant of the hotel, and was injured by the fall when leaving the building about 6:30 p.m. of the evening of January 2, 1947.

The essential allegations of negligence were that the sidewalk in front of the hotel was at a higher level than the established grade; that the hotel steps project onto the walk and the walk had been constructed and was maintained in this condition for the benefit of the owners of the abutting property as an entrance platform into the hotel, necessitating maintenance of such defective and dangerous incline; that the platform was built and maintained without permit and authority from the defendant city for such construction and maintenance as required by applicable city ordinances; was not constructed upon proper grade level fixed by the city; that such condition had existed for a long period and the city had actual or constructive notice thereof; although such condition was known to all defendants, no action had been taken to correct same and such dangerous condition had been negligently permitted to remain.

Further, that defendants knew such defective condition would be extremely dangerous when the incline became cov-

ered with snow and ice, but they negligently permitted snow and ice to accumulate thereon, in violation of section 19-11, Revised Ordinances of Oklahoma City (1936), which provides:

"It shall hereafter be unlawful for any property owner, occupant or agent of any property owner that abuts or adjoins any street or avenue of the City of Oklahoma City to allow or permit any animal or vegetable substance, or any tin, glass or pieces of iron, or any trash, mud, *snow*, dirt, slop, refuse matter or filth of any kind or description whatever to accumulate or remain on any part of the sidewalk abutting or adjacent to the premises owned or occupied by such person."

Defendants Reeves answered by general denial and plea of unavoidable accident. They admitted existence of the incline, but denied construction of same, and alleged the walk to be city property, and that construction of same had been approved by the city; no complaint had been made as to construction thereof, and as so constructed the walk was of no special benefit to them, although it had existed in such condition for many years prior to their purchase of the property. Defendants further alleged the accumulated ice and snow to be the result of an act of God, and that plaintiff had been guilty of contributory negligence.

The defendant city answered by general denial, and further denied maintenance of the sidewalk in a dangerous condition; that it had any notice of such condition; pleaded contributory negligence and an act of God. The city further alleged defendants Reeves maintained the walk above normal grade in front of the building entrance, which necessitated the incline; that the walk was so constructed and maintained in order that steps leading into the hotel could be constructed upon public property, thus conserving space in defendants' building; that such construction and maintenance was of special and peculiar benefit to the Reeves, for which the city could not be held liable.

At the trial defendants' objections to the introduction of evidence were overruled, and plaintiff introduced substantially the following testimony: In his own behalf plaintiff testified he was a tenant at Hadden Hall on January 2, 1947, and had returned to his residence about 5 p.m. that day from a trip out of the city. Snow had fallen two or three days before, although it had not snowed that day, and the weather was cold. He left his room after dark intending to go to a restaurant for his evening meal. Leaving the hotel he stepped out onto the front sidewalk and started down the incline at the west edge of defendant's property. Plaintiff did not know the incline was covered with ice, but did attempt to steady himself by placing his hand on an abutment contiguous to the incline. In attempting to descend this incline he slipped and fell, sustaining injuries which required his hospitalization.

A civil engineer (Hughes), who had wide experience as an engineer for several large cities, and who had served as assistant engineer in Oklahoma City, testified for plaintiff. This witness had been familiar with the sidewalk and street in front of Hadden Hall since 1928. Tenth street sloped west toward Harvey street, and buildings along the block were built on the ground level, which was approximately two feet higher than the paved street. Excavations on property to the east and west of Hadden Hall were made after the hotel was erected (as well as another hotel to the west) necessitating that the buildings meet the lowered sidewalk grade. Originally, there had been three steps at the west edge of defendants' property, although he did not know exactly when they were replaced by the incline. The two entrance steps into the hotel encroach upon the public sidewalk. The grade of the incline amounted to a 20 per cent grade, and such a grade is considered excessive, unsafe and dangerous for pedestrians.

At the trial the parties entered into the following stipulation:

"It is stipulated and agreed in this case if the employee with the official records in the office of the City Engineer was present he would testify under oath he has made a search of those records and can find no record of any permit having to do with the erection or repair or maintenance of this particular sidewalk involved in this action of any kind from 1913 to date."

Upon conclusion of plaintiff's evidence, the defendants, and the defendant city, interposed separate demurrers to the evidence upon the grounds the evidence was insufficient to establish facts constituting a cause of action, to raise any issue for the jury's consideration, or to sustain any verdict in plaintiff's favor. After presentation of argument the trial court sustained the demurrers and entered judgment dismissing plaintiff's action.

Three propositions of law are urged as grounds for reversal of the judgment of the trial court. Plaintiff recognizes the established, general rule that a municipal corporation is not an insurer of the traveling public, and that its liability for injuries suffered by those using the public ways must be based upon negligent failure to exercise ordinary care and diligence in keeping the public streets and walks in a reasonably safe condition for public use in the ordinary mode of traveling. 63 C.J.S., Mun. Corp., §802 et seq.; Ballard v. Manhattan Const. Co., 186 Okla. 506, 92 P. 2d 1112; Hale v. City of Cushing, 191 Okla. 137, 127 P. 2d 818.

However, plaintiff urges that a different rule applies where an abutting property owner maintains a dangerous condition for his own purpose or benefit, constructed with the municipality's knowledge in violation of city ordinances, since then both the property owner and the city may be jointly and severally liable. City of Duncan v. Woods, 194 Okla. 371, 151 P. 2d 923; Sanders v. First Nat. Bank, 183 Okla. 112, 80 P. 2d 207; Cleveland Trinidad Pav. Co. v. Mitchell, 42 Okla. 49, 140 P. 416.

Defendants seeks to uphold the propriety of the trial court's ruling upon the following theories: Defendants Reeves insist no liability can be charged to them in absence of a finding that the walk in question was maintained by them for their own special benefit, and that plaintiff's evidence wholly failed to show construction, maintenance or special use of such walk so as to bring them within the exception to the general rule. See King v. J. E. Crosbie, Inc., 191 Okla. 525, 131 P. 2d 105, and cases therein cited.

As respects the defendant city, it is contended that the alleged defect complained of was of such minor nature that no prudent person reasonably could have anticipated any danger arising from its existence. Hence, the city contends that the defect, if any, necessarily falls within the classification of the "trivial defect" rule often recognized by this court. Ballard v. Manhattan Const. Co., supra; Hale v. City of Cushing, supra; City of Tulsa v. Frye, 165 Okla. 302, 25 P. 2d 1080, and cases therein cited.

As to plaintiff's agrument that the evidence is such as to bring the defendants within the recognized exception, such conclusion is based upon the interpretation plaintiff seeks to put upon the evidence adduced at the trial.

The stipulation as to whether any permit was issued for construction or maintenance of this sidewalk is quoted above. Plaintiff urges the evidence is conclusive that the sidewalk was constructed at a higher level than the established grade, that such construction was in violation of existing city ordinances, was done without proper permit, and was maintained for defendants' special benefit with the city's knowledge. From this plaintiff reasons that if the sidewalk had not been maintained at a level higher than the established grade defendants necessarily would have had to lower their foundation to proper street level, which would require removal of the encroaching

steps and construction of new steps into their entrance from the lowered sidewalk level, and this in turn would require them to extend such necessary steps back into their entrance way, thus destroying floor space presently used in the hotel lobby. Upon this reasoning plaintiff urges that the evidence shows defendant Reeves maintained this sidewalk for their special benefit; that the city had knowledge thereof and condoned maintenance of the defective walk as unlawfully installed, and that as a result such construction, under the evidence, was sufficient to bring the case within the exception above noted, and the trial court erred in holding to the contrary.

The evidence showed this building was constructed many years ago at the top of a hill and, as customary at that time, the street was paved on a grade approximately two feet below ground level. Subsequently, the property immediately adjoining Hadden Hall on both sides was excavated. Thereafter, to meet the lowered ground level, the incline in question was constructed to replace steps formerly serving such purpose. But there was no evidence to show the replacing of the steps by the incline was for the benefit of defendants, or their successors, or that such incline served any special purpose.

In the absence of proof, we are unable to indulge the presumption made by plaintiff that this sidewalk is maintained in its present condition by defendants to avoid loss of their entrance way into the hotel. The fact two front steps encroach upon the sidewalk and tend to give defendants a larger entrance area fails to establish that the incline at the west edge of the property was built and is maintained for their special benefit. In view of the evidence the trial court properly held that there was no evidence of private construction or maintenance.

Next to be considered is the correctness of the trial court's ruling with respect to the defendant city, and as to which the city contends the court was correct in applying the "trivial defect" rule. No purpose can be served by an extended discussion of the different instances where such rule has been applied in our decisions. Such application most recently may be noted in Manhattan Const. Co. v. Ballard, supra; City of Ada v. Burrow, 171 Okla. 142, 42 P. 2d 111; City of Marietta v. Bigham, 196 Okla. 114, 162 P. 2d 999, and Hale v. City of Cushing, supra. In the latter case are cited numerous earlier decisions based upon the rule in question.

In 63 C.J.S. Mun. Corps., §802, the rule is stated as follows:

"The liability of a municipal corporation for injuries from defects or obstructions in its streets ordinarily is for negligence, and for negligence only, it is not an insurer of the safety of travelers, nor is it required to keep its street absolutely safe, and it is not liable for consequences arising from unusual or extraordinary circumstances which could not have been foreseen, but it is required to exercise ordinary or reasonable care to maintain its streets and sidewalks in a reasonably safe condition for travel by those using them in a proper manner and with due care, and has the duty to guard against such dangers as may be anticipated in the exercise of due care."

We have adhered to this rule most recently in: City of Ada v. Burrow, 171 Okla. 142, 42 P. 2d 111; Oklahoma City v. Cantrell, 181 Okla. 56, 72 P. 2d 381; Ballard v. Manhattan Const. Co., supra; Hale v. City of Cushing, supra; City of Tulsa v. Lewis, 179 Okla. 176, 64 P. 2d 675.

The innumerable decisions wherein we have considered and applied the "trivial defect" doctrine precludes citation and discussion of such cases. It is sufficient to note that the rule has been followed in instances where the alleged defective condition was slightly more than one inch in depth (City of Bristow v. Pinkley, 158 Okla. 104, 12 P. 2d 229), as well as a perpendicular drop of 14 inches from curb to street

level (City of Tulsa v. Roberts, 188 Okla. 249, 107 P. 2d 1006).

The evidence disclosed that plaintiff was thoroughly familiar with the sidewalk at this point and had traveled along the incline on other ocassions. There was no evidence that this incline was unusual or that it was unnecessary. In short, there was a complete failure to show the existence of any primary negligence on the part of the defendant city arising out of the construction and maintenance of this particular sidewalk.

In 63 C.J.S. Mun. Corps., §809, the rule is stated:

"A municipal corporation is not required so to construct all its sidewalks that they shall meet upon exactly the same level, and the mere existence of a descent, slope, or step in the sidewalk does not render it liable for accidents to persons in stepping from one elevation to another, where the inequality or inclination is such that injury therefrom could not reasonably be anticipated."

We recognized and approved such rule in City of Ada v. Burrow, supra.

Plaintiff advances the further argument that by reason of violation of the city ordinance (sec. 19-11) heretofore referred to, and because defendants knew of the unsafe condition of this walk and that same would become even more dangerous when covered by ice, defendants became liable because of failure to take steps to remedy such condition and protect plaintiff from such hazardous conditions. Such argument is without substantial merit by reason of the rule announced in City of Tulsa v. Wheetley, 187 Okla. 155, 101 P. 2d 834, paragraph 2 of the syllabus being as follows:

"Where a defect in a sidewalk or pavement is so slight as to be harmless in itself, the fact that it concurs with a slippery condition to produce an accident does not make a municipality liable for resulting injuries."

Judgment affirmed.

ARNOLD, C.J., LUTTRELL, V.C.J., and GIBSON, DAVISON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.