The CITY OF WOODWARD, a Municipal Corporation, Plaintiff in Error,

v.

Mae MITCH, Defendant in Error.

No. 37078.

Supreme Court of Oklahoma.

May 1, 1956.

Rehearing Denied May 29, 1956.

Walter H. Thomas, Woodward, for plaintiff in error.

Bryan Billings, Woodward, for defendant in error.

## PER CURIAM.

This appeal is from a judgment against the City of Woodward, a municipal corporation, defendant below. The parties will be referred to as they appeared in the trial court.

Plaintiff instituted this action to recover damages for injuries sustained by her when she fell on a sidewalk in the City of Woodward on August 16, 1954, at the hour of 2:30 o'clock in the afternoon. The basis of plaintiff's claim is that defendant had negligently permitted one of its sidewalks to become unsafe in that it had negligently permitted for a considerable period of time prior to August 16, 1954, the sidewalk to become out of repair, broken, with large cracks and holes therein so as to render the same unsafe for the use of pedestrians, and that defendant had actual notice thereof.

Defendant answered the petition by general denial, except admissions of corporate existence. It then specifically denies that it was negligent or that plaintiff was injured as the result of any negligence on its part. It then pleaded contributory negligence in that the sidewalk at the location alleged in plaintiff's petition was well lighted and that plaintiff did not pay attention or exercise due diligence or care or caution as to where she was walking, and that such negligence, want of care and want of diligence on her part was the cause of her injuries.

Plaintiff's reply was by general denial.

The cause was tried to a jury resulting in a verdict and judgment for plaintiff in the sum of $1,250, and defendant has appealed.

One of the questions urged by defendant is the failure of the court to sustain defendant's demurrer to the evidence and the court's refusal to grant defendant's requested peremptory instructions, the giving of which would have been an instructed verdict in favor of defendant.

The record herein contains no dispute of fact. The evidence discloses that at the location where plaintiff sustained her injury there are several cracks in the sidewalk; that there are three or four holes in the sidewalk, each of which corresponded in character to the depression created when the top or finishing coat has come off a concrete walk; that the holes had varying depths of from ⅝ths of an inch to 1½ inches, were approximately six foot apart, and each hole was irregular in shape and anywhere from four or five inches wide to eight or nine inches wide; that the sidewalk was twelve feet in width from building to curb line; that the hole in which plaintiff stepped was approximately one inches, were approximately six feet apart, inches by 6 inches wide. Both parties agree that the sidewalk in question is one carrying considerable pedestrian traffic. Plaintiff testified that she had traveled this particular walk many, many times before the accident but had never observed this particular defect.

Defendant cites numerous cases from this jurisdiction which lay down the rule, that as a matter of law a slight defect or depression in a sidewalk does not establish actionable negligence on the part of a municipality, though known to exist and an accident happens in the use of the sidewalk. See City of Marietta v. Bigham, 196 Okl. 114, 162 P.2d 999; Oklahoma City v. Cantrell, 181 Okl. 56, 72 P.2d 381; Oklahoma City v. Banks, 175 Okl. 569, 53 P.2d 1120; Oklahoma City v. Burns, 174 Okl. 512, 50 P.2d 1101; Smith v. City of Tulsa, 172 Okl. 515, 45 P.2d 689; City of Ada v. Burrow, 171 Okl. 142, 42 P.2d 111; City of Tulsa v. Frye, 165 Okl. 302, 25 P.2d 1080; City of Bristow v. Pinkley, 158 Okl. 104, 12 P.2d 229.

In the case of City of Tulsa v. Frye, supra, this Court said:

"Where a municipal corporation has the duty of keeping its sidewalks in repair and an accident happens by reason of some slight defect from which damage was not reasonably to be anticipated, the said city is not chargeable with negligence.

"When a defect in a sidewalk is so slight that no careful or prudent person would reasonably anticipate any danger from its existence, but still an accident happens which could have been guarded against by the exercise of extraordinary care and foresight, the question of defendant's responsibility is one of law."

What we there said is equally applicable to the instant case, unless it can be said as a matter of law that the mere fact of a sidewalk becoming cracked and holes occurring therein from the sluffing off of the surface or finishing coat of concrete as described by the evidence, is sufficient to raise a reasonable inference of negligence. There is no showing that the hole in question or the condition of the sidewalk at the locus of the accident was in any sense a danger hole or trap. We are of the opinion, and hold under the authorities herein cited, that the condition of the sidewalk alone as shown by the record is not inherently dangerous to the ordinary and customary travel thereon; that plaintiff has failed to show any primary negligence of defendant in maintaining this sidewalk; and therefore the demurrer to plaintiff's evidence should have been sustained.

In view of our conclusion already reached, it is our opinion that no useful purpose would be accomplished by dealing with defendant's other assignments of error.

The cause is reversed and remanded, with direction that it be dismissed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Jean

R. Reed and approved by Commissioners James H. Nease and J. W. Crawford, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in Conference, the foregoing opinion was adopted by the Court.

JOHNSON, C. J., WILLIAMS, V. C. J., and DAVISON, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.

CORN, J., dissents.