John W. WILLIAMS, Plaintiff in Error,

v.

CITY OF BRISTOW, a municipal corporation, Defendant in Error.

No. 38435.

Supreme Court of Oklahoma.

March 8, 1960.

Young, Young & Young, Sapulpa, for plaintiff in error.

Wm. L. Cheatham, Bristow, for defendant in error.

BERRY, Justice.

John W. Williams suffered injuries to his person when struck by an automobile. The occurrence took place in Bristow, Oklahoma, early in the evening of December 28, 1956. To recover damages arising from the mishap he commenced this action against the offending motorist, the Bristow Chamber of Commerce and the City of Bristow. The first two defendants mentioned are not before us in the present proceeding on review.

Appellant, plaintiff below, seeks corrective process from this Court to reverse the decision of the trial judge sustaining the demurrer interposed by the City of Bristow to the second amended petition and entering judgment (on plaintiff's refusal to plead further) in favor of the municipality. The parties will be hereinafter referred to by their designations in the lower court.

Plaintiff's petition alleges the City of Bristow, acting in conjunction with the local Chamber of Commerce, adorned its streets with Yuletide decorations. As a part of this joint project a large Christmas tree was erected in the center of the intersection between 6th and Main Streets. The latter is a designated Federal and State Highway (U. S. 66 and State No. 27). Plaintiff, at the time of the occurrence, was proceeding westward within the pedestrian walk marked across the north side of Main at its intersection with 6th Street. The operator of the automobile involved in the mishap was driving east along 6th Street. On reaching the intersection the motorist passed the Christmas tree to the south thereof and, after negotiating around it a left turn to the north and into Main Street, struck plaintiff then afoot in the crosswalk.

Plaintiff charges the city with negligence in erecting, maintaining and failing to remove the Christmas tree. It was 12 feet high and 6 feet wide. Because of its size, ramification and dense foliage, the lights and ornaments thereon, the tree constituted an "obstruction" to travel amounting to a "traffic hazard". Pedestrians were unable to see the "movement and direction" of vehicular traffic passing on and approaching from the opposite side of the tree. Similarly, motorists about to negotiate a turn around the tree were prevented from obtaining a view of persons proceeding afoot on the other side of the tree. The condition so created, the petition follows, constituted a "dangerous nuisance and negligence per se".

The petition alleges five specific acts of negligence on the part of the motorist: (1) Reckless driving; (2) Failure to keep his vehicle under control so as to stop within the assured clear distance ahead; (3) *Failure to keep a proper lookout ahead and failure "to see the plaintiff herein"*; (4) Excessive speed; (5) Failure to yield the right-of-way to a pedestrian already proceeding in the crosswalk.

It is further alleged that if his vision were not obscured by the tree, plaintiff would have seen the approaching automobile in time to remove himself from its path. The city had actual or constructive notice of the obstruction and could reasonably have foreseen danger and hazard from its existence. The act of erecting and maintaining the tree "set in motion a chain of circumstances" which, operat-

ing in concurrence with the motorist's negligence, proximately caused plaintiff's injury. Absent such combined fault on the part of the defendants, the mishap would not have happened.

The journal entry is silent as to the reasons assigned by the lower court for its action. Plaintiff asserts: (1) The acts alleged against the city fall within the orbit of its proprietary functions; (2) The petition states a cause of action against the city for concurrent negligence and maintenance of a nuisance.

The cities and towns of this State have for a long time carried on the practice of decorating their downtown streets during the Yule season. Year after year, many a municipality erects a Christmas tree at some central point in the community. It is not contended in the case under consideration that the object and purpose of such project, in so far as the City of Bristow is concerned, was one of pecuniary gain or proprietary interest. It is apparent without necessity of belaboring that the custom of decorating serves to direct the minds of the people to Christ's birthday and to remind them of the salutary principles He taught while here on earth.

When joining in the celebration of Christmas in the manner and to the extent shown, the City of Bristow did not assume any proprietary or corporate duties, but was acting in a governmental capacity and within its power to promote the health, safety, morals, and general welfare of the inhabitants. In Pope v. City of New Haven, 91 Conn. 79, 99 A. 51, 52, L.R.A.1917B, 1239, the court held a city participating in a Fourth of July festivity was exercising a governmental and not a proprietary function. We quote from the body of the opinion:

"While there is no United States statute making a similar provision, the different departments of the government recognize, and have recognized since the government was established, July 4th as a national holiday. Throughout the country it has been recognized and celebrated as such. These celebrations, calculated to entertain and instruct the people generally and to arouse and stimulate patriotic sentiments and love of country, frequently take the form of literary exercises consisting of patriotic speeches and the reading of the Constitution, accompanied by a musical program including patriotic airs, sometimes preceded by the firing of cannon and followed by fireworks. That such celebrations are of advantage to the general public and their promotion a proper subject of legislation can hardly be questioned. From the nature of the case it is apparent that in the case in hand the city could derive no pecuniary or other special advantage from such a celebration."

In 37 Am.Jur. 727, Municipal Corporations, Section 114, this language is found:

"The governmental functions of a municipal corporation are those conferred or imposed upon it as a local agency, to be exercised not only in the interest of its inhabitants, but also in the advancement of the public good or welfare as affecting the public generally. They include the promotion of public peace, health, safety, and morals, as well as the expenditure of money, particularly relating to public improvements, the expense of which ultimately is borne by the property owners. The distinction between acts in the performance of a governmental function and those in the performance of a corporate or proprietary function is that in the case of the former, the municipal corporation is executing the legislative mandate with respect to a public duty generally, while in the other, it is exercising its private rights as a corporate body."

It is axiomatic that in exercising governmental functions a municipality enjoys the same immunity from civil liability as the State itself. City of Tulsa v. Wheetly, 187 Okl. 155, 101 P.2d 834.

■ Were we to assume in the instant case that the sole motive on the part of the city's governing body was to attract business or otherwise further some financial interests of the municipality so as to bring the matters within a proprietary as distinguished from a governmental capacity, such action would be deemed ultra vires and plaintiff, nevertheless, could not recover. Marth v. City of Kingfisher, 22 Okl. 602, 98 P. 436, 18 L.R.A.,N.S., 1238.

Plaintiff relies on a long line of authority holding maintenance and repair of streets falls within a proprietary function of the city. City of Ardmore v. Stuchul, Okl., 294 P.2d 308; City of Hartshorne v. Carlomango, Okl., 287 P.2d 696. These decisions have no application and are inapposite to a situation such as in the cause now engaging our attention.

Even if we were to assume that an analogy may legally be drawn to the facts in this litigation, as contended for by plaintiff, we would, nevertheless, be constrained to hold the petition does not state facts sufficient to charge the City of Bristow either with actionable negligence or the maintenance of a nuisance.

The Christmas tree admittedly did not constitute an obstruction to the use of the street or to the free flow of vehicular traffic. Travelers were not prevented from pursuing a normal course in traversing or negotiating turns at the intersection. Plaintiff's complaint is that if the tree had not obscured his vision, he could (possibly) have moved to a safe position.

■ It is the duty of a municipality to exercise ordinary care and diligence to keep its sidewalks and streets in a reasonably safe condition. The municipality is not an insurer of safety of the traveling public and its liability is founded on negligence. Hale v. City of Cushing, 191 Okl. 137, 127 P.2d 818.

The facts stated in the petition do not, as a matter of law, show that the defendant city, in erecting the Christmas tree, failed to use ordinary care or diligence.

In 25 Am.Jur., Section 500, Highways, p. 784, it is stated:

"A mere obstruction of the view of a traveler by some object, substance, or condition has been held not to constitute a defect in the way within the operation of the rules and provisions imposing liability for injuries caused by defects."

Neither are the averments sufficient in law to allege that the city's action in obscuring plaintiff's vision was the proximate cause of his injury. In City of Okmulgee v. Hemphill, 183 Okl. 450, 83 P.2d 189, this Court said in the fourth syllabus of the opinion:

"Where plaintiff, in crossing a street at an intersection, encountered a pool of water near the curb and while walking around the pool of water was struck by an automobile, the water created merely a 'condition' making the injury possible, and was not a concurring cause of such injury."

In Goodaile v. Board of Commissioners of Cowley County, 111 Kan. 542, 207 P. 785, the owners of land permitted high hedges to grow along a crossing which obscured the vision of travelers. A lady driving a buggy approached the crossing where her horse became frightened at an automobile which made a sudden appearance. The lady was injured when thrown out of her vehicle. The court held the proximate cause of the accident was the frightened horse and not the hedge which obstructed plaintiff's view of the crossing. See also, annotation in 42 A.L.R.2d 817; Billy v. Texas, O. & E. R. Co., Okl., 263 P.2d 187; Booth v. Warehouse Market, Inc., Okl., 286 P.2d 721; Underwood v. Fultz, Okl., 331 P.2d 375.

Under the facts alleged in the petition the proximate cause of plaintiff's injury was reckless driving of the motorist and not the Christmas tree which obscured the vision of the intersection.

The other theory on which plaintiff seeks to recover is that of actionable nuisance. We find it untenable. As it was pointed out

above, municipal liability for defects and obstructions in the streets and sidewalks is founded *solely* on negligence. Hale v. City of Cushing, supra.

The Supreme Court of New Mexico, when confronted with an argument identical to that advanced by the plaintiff herein, held in Seiler v. City of Albuquerque, 57 N.M. 467, 260 P.2d 375, 378:

"What we do say is that in a case such as this the action fundamentally is one for personal injuries based on negligence whether labeled one for nuisance or for negligence."

See also McFarlane v. City of Niagara Falls, 247 N.Y. 340, 160 N.E. 391, 57 A.L.R. 1, and Taylor v. City of Cincinnati, 143 Ohio St. 426, 55 N.E.2d 724, 155 A.L.R. 44.

The case at bar is readily distinguishable from our decisions in: Oklahoma City v. West, 155 Okl. 63, 7 P.2d 888; Oklahoma City v. Tytenicz, 171 Okl. 519, 43 P.2d 747; Oklahoma City v. Miller, 179 Okl. 363, 65 P.2d 990, and City of Weatherford v. Luton, 189 Okl. 438, 117 P.2d 765, wherein we declared cities liable for actionable nuisance. Our holding in the cited cases is predicated on wrongful use, management and conduct of municipal facilities inuring to the detriment of other property owners. Such activities consisted in discharging of unpurified sewage into a water course to the damage of a lower riparian owner or permitting septic tanks to become clogged thus emitting obnoxious odors. The question of municipal liability for defect or obstruction of the streets was not considered therein. These authorities are not applicable to the instant case.

■ While a pleading will receive a liberal construction for the purpose of determining the merit of the demurrer, and all of its allegations are to be taken as true, it is equally well established that where, upon giving full import and consideration to all the inferences that may be legally drawn therefrom, a petition, taken as a whole, fails to state facts sufficient to constitute a cause of action in favor of the plaintiff, a demurrer should be sustained. Cales v. Rushing, Okl., 321 P.2d 404; Holt v. Jones, 208 Okl. 30, 252 P.2d 460; Raley v. Thompson, 203 Okl. 633, 225 P.2d 171.

■■ A municipality is not an insurer of safety upon its public ways. Nor is it a guarantor of a full range of vision to the travelling public. Its duty is discharged by the exercise of ordinary care in maintaining the streets and sidewalks in a reasonably safe condition for the use of travelers. A municipality is liable only for negligence in failing to repair, remove or guard against substantial (as distinguished from "slight or trivial") defects or obstructions after actual or constructive notice of their existence. City of Woodward v. Mitch, Okl., 297 P.2d 557. See also 304 P.2d 1055.

Under the facts alleged in the second amended petition, plaintiff is not entitled to recover against the defendant, City of Bristow, either on the theory of negligent erection of a visual barrier or on the basis of an actionable nuisance.

The judgment of the trial court is accordingly affirmed.