Virgie BARNES, Plaintiff in Error,

v.

The CITY OF TULSA, a Municipal Corporation, Defendant in Error.

No. 40864.

Supreme Court of Oklahoma.

Feb. 22, 1966.

O. W. Hopper, Frank R. Hickman, Tulsa, for plaintiff in error.

Charles E. Norman, Waldo F. Bales, Tulsa, for defendant in error.

PER CURIAM.

Plaintiff, Virgie Barnes, brought this action against The City of Tulsa, Oklahoma, for damages for personal injuries allegedly caused when she fell on a cement sidewalk maintained by the defendant.

The proof shows that plaintiff alighted from an automobile driven by her husband and walked across the sidewalk to a U. S. mail box located a foot or two beyond the sidewalk for the purpose of mailing some letters. After she had mailed her letters and turned to return to the automobile she tripped, or slipped, or in some manner caught her foot under, or stumbled over, the lid of a water valve owned and maintained by the city.

From oral testimony and photographs it appears that the mail box was located approximately eighteen inches beyond the sidewalk and that the area around the mail box was covered with grass; in the sidewalk near the mail box was located the water valve; the valve cover appears to be eight or ten inches in diameter and the side nearest the mail box was flush with the sidewalk while the opposite side was approximately one and one-half inches above the sidewalk. Dirt had accumulated and grass had grown over the edge of the sidewalk and valve cover, particularly on the side next to the mail box so as to partially obscure the valve cover.

When plaintiff rested her case the defendant demurred to the evidence on the ground that the defect in the sidewalk was "trivial" and that plaintiff's evidence showed she was not entitled to recover by reason thereof; the trial court sustained the demurrer and plaintiff has appealed.

This court has had similar questions before it on several occasions, and the rule has been clearly established that where a defect in a sidewalk is so slight that reasonable and prudent men would not anticipate an injury from it, there is no liability on the part of a town or city for injuries suffered by a party as a result of such defect, but where the defect is of such character that reasonable and prudent men might differ as to whether an accident should have been anticipated from the defect, the case is generally one for the jury. City of McAlester v. Nelson, Okl., 357 P.2d 995; Oklahoma City v. Banks, 175 Okl. 569, 53 P.2d 1120; Hale v. City of Cushing, 191 Okl. 137, 127 P.2d 818; City of Tulsa v. Frye, 165 Okl. 302, 25 P.2d 1080.

Plaintiff contends that the defect in this case was more than trivial, and points to the mail box as an invitation to cross the area. She also points out that the valve cover was partially concealed with dirt and grass and thus increased the danger.

In Oklahoma City v. Banks, supra, a loose brick in the sidewalk turned when plaintiff stepped upon it, causing her to fall. In that case several former decisions of this and other courts were considered and this court there concluded that primary negligence on the part of the City in maintaining the sidewalk had not been established.

In view of the facts in this case and the former decisions of this court we are unable to conclude that the trial court erred in sustaining defendant's demurrer to the evidence.

The judgment of the trial court is affirmed.

The Court acknowledges the services of Evertt M. Arney, who with the aid and

counsel of John W. Donley and Denver W. Meachum, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to Jackson, J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.