Alma EVANS and R. E. Evans, Appellants,

v.

CITY OF EUFAULA, Oklahoma, a municipal corporation, Appellee.

No. 46573.

Supreme Court of Oklahoma.

Oct. 8, 1974.

A. James Gordon, Leon G. Belote, McAlester, for appellants.

John D. Boydston, Jr., Eufaula, for appellee.

BERRY, Justice:

Alma Evans and R. E. Evans [plaintiffs] brought this action against the City of Eufaula [the City] for damages allegedly sustained when Mrs. Evans tripped and fell on city's sidewalk. At the close of all evidence the trial court sustained city's demurrer to plaintiffs' evidence. Plaintiffs appeal.

In the petition Mrs. Evans alleged the toe of her shoe caught in a crack in the sidewalk. As she was attempting to regain her balance she stepped into a cavity where the curbing had broken away and fell.

She testified she and her aunt drove into Eufaula, parked, and commenced walking towards the post office. She was wearing low heeled shoes. This was the first time she had walked on this sidewalk. When she was a few feet from an alley she tripped over something. While attempting to regain her balance she fell on her knee in the alley or at the edge of the alley, and passed out. She did not know what she tripped on but believed it was the crack in the sidewalk. She went to a doctor and then home. She remained at home for six days then went to another doctor, and then to the hospital. Two days after she entered the hospital her kneecap was removed. She remained in the hospital for eight more days and received therapy for approximately four months.

Prior to the fall she worked in a cafe kitchen, worked as a fruit packer, baby-sat and worked in a nursery. After the fall she was unable to work.

Plaintiffs further offered medical bills totaling $1,062.95.

Dr. Pentecost, an orthopedic surgeon, reviewed Mrs. Evans' medical file and testified the records reflected her kneecap had been removed. He testified as a result of the operation her leg muscle would be weaker, and she would tire while standing,

be unable to squat, and have a greater susceptibility to falls.

Mr. Evans testified he paid part of the hospital bills. He testified some days after the accident he visited the scene with city's mayor and the mayor stated "that place should be fixed."

He testified he noticed a V–shaped crack in the sidewalk in the general location where Mrs. Evans fell. It was approximately 1 or 1½ inches deep.

W. H. Stafford testified he worked in a grocery store in the vicinity. He helped Mrs. Evans up after she fell. He testified he did not know how long the broken curbing and sidewalk condition had existed.

Photographs of the accident scene were offered into evidence and the jury viewed the scene. The parties stipulated the sidewalk was in the same condition as at the time of the accident.

Tully O'Reilly, the mayor, testified for the city. He testified he measured the V-shaped crack. One leg of the crack was approximately 2½ feet long and the other 2 feet long. It was one-half inch deep at its deepest point.

The crack was approximately two feet from the curb. The curb sloped with a height of one inch to five inches. A part of the concrete curbing was missing.

He testified he did state in Mr. Evans' presence that it should be fixed, but was referring to the curbing.

He testified insofar as he knew no one else had fallen at the spot during the preceding four years.

In sustaining city's demurrer to the evidence the trial court stated the cause of the accident was the crack in the sidewalk. He found the crack in the sidewalk to be a trivial defect, and not a pitfall or trap, and held city's failure to correct the defect did not constitute actionable negligence.

He stated there was no evidence Mrs. Evans fell as a result of the curbing, and he could not see where that was a condition which would cause a person to fall in broad daylight.

He further stated he had visited the scene and plaintiff's exhibit 5 was misleading because it indicates a vertical curb line and the curbing actually slopes out.

Plaintiffs' sole contention on appeal is the trial court's visitation of the premises without consent of the parties constitutes reversible error since it formed an integral part of his judgment.

In this regard plaintiffs contend 12 O.S. 1971, § 579, which permits views by juries, does not allow the judge to accompany a jury when it makes its view, but excludes him from so doing. They further cite cases from other jurisdictions wherein a judge trying a case without a jury viewed the premises without the consent of both parties. Those cases held such action to be reversible error if the view formed an integral part of the court's judgment. Brown v. Transcontinental Gas Pipe Line Corp., 210 Ga. 580, 82 S.E.2d 12; Atlantic & B. Ry. Co. v. City of Cordele, 125 Ga. 373, 54 S.E. 155.

The city cites cases from other jurisdictions construing similar statutes which hold the trial judge may view the premises in circumstances where a view would have been warranted had the case been tried before a jury. Taxpayer's League of Wayne County v. Wightman, 139 Neb. 212, 296 N.W. 886.

It further cites cases holding the judge may view the premises without the consent of the parties, but the better practice is to notify them and offer them an opportunity to be present, even though failure to do so will not necessarily constitute an abuse of discretion. Lippincott v. Lippincott, 144 Neb. 486, 13 N.W.2d 721.

Other cases have held a judge sitting without a jury, or sitting with a jury and considering a motion for involuntary dismissal, may view the premises on his own motion but must give notice to the parties. Highbarger v. Thornock, 94 Idaho 829, 498 P.2d 1302.

If the evidence was otherwise insufficient to warrant submission of the case to

the jury, the trial court's view of the scene was harmless error, if error at all.

A demurrer to the evidence or motion for directed verdict should not be sustained unless there is an entire absence of proof to show any right of recovery. Fletcher v. Meadow Gold Co., Okl., 472 P.2d 885. In passing on a motion for directed verdict the trial court must accept as true all evidence, and reasonable inferences therefrom, favorable to the party against whom the motion is directed, while disregarding conflicting evidence favorable to the movant. Steiger v. Commerce Acceptance of Okla. City, Inc., Okl., 455 P.2d 81.

■■ The liability of a municipal corporation for injuries from defects or obstructions in its sidewalks is for negligence only. Walker v. Reeves, 204 Okl. 669, 233 P.2d 307; Williams v. City of Bristow, Okl., 350 P.2d 484. A municipal corporation is required to exercise ordinary care to maintain its streets and sidewalks in a reasonably safe condition for travel by those using them in a proper manner. Walker v. Reeves, supra.

■ A municipality will not be liable for every defect or obstruction, however slight or trivial, or little likely to cause injury, or for every inequality or irregularity in the surface of the way, but is only required to guard against danger it could have, or should have, anticipated in the exercise of reasonable care and prudence. Rider v. City of Norman, Okl., 476 P.2d 312; Hale v. City of Cushing, 191 Okl. 137, 127 P.2d 818; City of Tulsa v. Frye, 165 Okl. 302, 25 P.2d 1080.

■ When a defect is so slight that no careful or prudent person would reasonably anticipate any danger from its existence, but still an accident occurs which could have been guarded against by the exercise of extraordinary care and foresight, the municipal corporation is entitled to a directed verdict. Hale v. City of Cushing, supra.

■ Where the defect is of such a character that careful and prudent men might differ as to whether an accident should have been anticipated, the question of liability is one of fact for the jury. Hale v. City of Cushing, supra.

■ Classifying a defect trivial or slight is merely a convenient way to describe a defect from which, considering all of the circumstances, all reasonable men would agree the city would not [in the exercise of reasonable care and prudence] anticipate danger to the public using the way. Rider v. City of Norman, supra.

In this case Mrs. Evans' view of the sidewalk was clear and unobstructed and it was daylight. In such circumstances a two inch rise between two sections of sidewalk has been held to be a trivial defect. Rider v. City of Norman, supra. A hole in a sidewalk one-half inch deep and 3 to 8 inches wide has been held a slight or trivial defect. City of Marietta v. Bigham, 196 Okl. 114, 162 P.2d 999. A hole in the sidewalk 1 to 1½ inches deep has been held to be a trivial defect. City of Bristow v. Pinkley, 158 Okl. 104, 12 P.2d 229. Numerous holes with depths varying from ⅝ to 1½ inches with widths of 4 or 5 to 8 or 9 inches have been held to be trivial defects. City of Woodward v. Mitch, Okl., 297 P.2d 557.

In the present case the only witness who measured the V-shaped crack testified it was one-half inch deep at its deepest point.

Mr. Evans testified he did not measure the crack but it might have been 1½ inches deep in some places.

■ In light of this testimony we conclude as a matter of law that the crack was a slight or trivial defect.

The evidence with reference to the curbing was that the alley curb commenced about two feet west of the V-shaped crack. The V-shaped crack was on the south part of the sidewalk. The alley sloped out to the street and the curb varied from 1 inch at its southern most point to 5 inches at its northern most point where the alley entered the street. There was a small crev-

ice in the curbing some distance north of the V-shaped crack in the sidewalk. There was no testimony Mrs. Evans stepped in this crevice after she stumbled on the crack in the sidewalk.

After examining the record we find and hold any defect in the alley curbing was a slight or trivial defect and the evidence was insufficient to warrant submission of the case to the jury. Recognizing that it would have been better practice for the trial court to have viewed the scene after notification to parties we conclude failure to do so in this case did not constitute reversible error.

Affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, HODGES, LAVENDER, BARNES and SIMMS, JJ., concur.